THE plaintiff in error and the defendant both became endorsers for Cyril Ward, on anote negotiable and payable on its face at the Washington Branch *175 Bank; and the defendant in error was the payee of the note and first endorser, and the plaintiff in error the second. The note was. discounted by the bank, and before it came to maturity Ward became insolvent and left the state. The note was duly protested, and timely notice given to the now plaintiff and defendant, as his endorsers ; and the present defendant in error,. who Was plaintiff in the court below, discharged and took up the note; and as both he and the plaintiff in error had endorsed for the accommodation of Ward, and to give him credit in bank, he brought this action against the present plaintiff in error, for one moiety of the money so paid to the bank ; and the question presented in the court below, first by a demurrer to the declaration, and next by a motion to instruct the jury, was, could he, under these circumstances, be entitled to recover ? The court below decided in favor of that recovery ; and to reverse this decision, this writ of error is prosecuted.
2. The instrument which the parties endorsed, being raised, by the statute incorporating the bank, to the grade of a foreign bill of exchange, the law governing the latter instrument must be applied to this. When a bill of exchange is drawn and negotiated in a fair course of business, through the hands of many endorsers, for a valuable consideration passed from each endorsee at the time of the negotiation, that each endorser may come on his immediate or any remote endorser for the amount of the bill, is a proposition too well established to need any authority ; but it is equally true, that the consideration of such transactions may be contested between the immediate parties to the bill, and the endorser may be let in to prove that no consideration passed between him and his immediate endorsee, and thus, in many cases, prevent a recovery. It is, therefore, contended, that if the plaintiff in error had paid this note,' and then brought his action against the now defendant, on the endorsement, he could not have recovered ; because the now defendant would have been permitted to contest the consideration, and might have shown that no consideration passed at the time of the endorsement, and each only endorsed to accommodate Ward, and therefore no recovery could be had upon the endorsement; or, at most, <?nly a moiety, by way of contribution; *176 and that it will consequently follow, that the defendan| in error ought to be entitled to contribution against him, and that both ought to be esteemed as co.securi. ties for Ward, and each ought to bear a due proportion of the loss.
No action can be main taiued. by the first endorser (who was the payee) of an accommodation ndte discounted by the Bank of Kentucky against the second endor ser, on the ground of the payor’s having be come insol vent,and first endorsers have paid the whole to the Bank.
In such case, the first en dor'ser shall be considered as saying to the subsequent endorsers, I will stand behind you for the whole.
Persons endorsing mercantile instruments, may be presumed to understand the law mer chant, and to intend to' be bound by jits rules.
3. In this case, no fraud or unfair dealing is pre. tended; and although no valuable consideration passed, at the time of endorsement, but since then, both became- liable to the bank as a bona fide bolder of the bill, and the defendant has paid it. The question, then, rests essentially on the inquiry* could the pre. sent plaintiff in error, had he paid the bill, have come on the present defendant for the whole amount ? If be could, it is clear, that the now defendant cannot recover against him a moiety thereof. Or, in other words® will the accommodation endorsers, as between them, selves, be governed by-the equitable rules which at. temper engagements of a joint nature,- and be in turn liable to contribute to each other ; or does the instru, meat, on account of the consideration paid to the bona fide holder, for the purpose of taking it up, still come under the law merchant, and still run back against one accommodation endorser after another, till it comes to the. last; and must be bear the whole loss 1 This is an inquiry of considerable importance to this country, where endorsements for accommodation are, and have been frequent, and the common nn, derstanding may have, in some instances, been different with different parties. It is somewhat singular, that this question has not- been more frequently the subject of adjudication than it has, in this country, where commercial transactions by bills of exchange have become frequent, or in England, where they are still more so. As the persons who., for accommodation, become parties to a mercantile instrument, may be presumed lo understand the law merchant, it is but fair to presume that they intend to be governed by its rules, where, as in this case, the contrary is not expressed ; and that the first endorser shall be consider, ed as saying to the rest, “ Endorse, and l will stand behind you for the whole and the next one to under, stand, that there was less risk, because there was one more standing between him and the drawer or accept-er of the bill, or maker of the note. Besides, the. undertaking of each is several, and not joint; in which *177 case contribution is seldom permitted. And the si. lence of the books on the subjecr, of contribution be tween accommodation endorsers, rather furnishes an argument that it is not allowed in such cases.
The undertaking of tha endorsers of bills of ex change, is not joint but Several, in whicn case, contribution is seldom permitted;
4. Notwithstanding authorities are few, yet this question lias been touched by the highest tribunal in a sister state, whose opinions, especially on commercial subjects, although not obligatory on this court, are entitled to high respect. In Brown vs. Mott, 7 John. 361, it is decided, that onfe accommodation endorser is liable to another, on a promissory note placed by their statute on the footing of bills of exchange, and that he could not be permitted to avail himself of the want of consideration, to defeat the recovery ¿gainst the plaintiff who had paid and taken up the note. In that case, it is Said, that “ the endorser cannot set up that he endorsed the note without consideration ; because, by sending the note into circulation, by a general endorsement, and making it thereby a negotiable bill, a consideration is implied by the law merchant, arid an inquiry into that fact is precluded.” And on the fact of' his having taken up and paid the note when dishonored, it was decided, that he had as good a right to resort to the defendant, as a prior endorser, for the full amount, as if he had originally received It for its full value ; and that an endorser for accommodation of the maker, was entitled to all the privileges of an endorser, by being fixed by protest and notice in due season. The authorities cited in that case, go far, in principle, to support the positions advanced. With these principles this court concurs, and conceives that they better correspond with what has been the general understanding of the country, than those adopted by the court below. It clearly follows from this doctrine, that if the present plaintiff in error had discharged the whole of this note to the bank, he could have recovered the full amount against the defendant; and consequently, the defendant having first paid it, cannot be entitled to recover any part from the plaintiff, and the judgment is evidently erroneous.
It must, therefore, be reversed with costs, and the cause is remanded, with directions to the court below to render judgment in favor of the plaintiff in error <m the demurrer, with costs.