JUDGE HARDIN
delivered the opinion of the court:
A bill of exchange for one thousand two hundred dollars, dated the 4th day of March, 1861, appearing to have been drawn by Samuel R. Lytle upon, and accepted by, Todd & Grose, and indorsed by James Denton and others, was discounted in the branch of the Bank *598 of Louisville at Flemingsburg, Kentucky, as accommodation paper for the use of the acceptors, and, at its maturity, it was protested for non-payment; and, by the failure of the acceptors and other parties, said Lytle and Denton were compelled to assume and pay over nine hundred dollars of the debt. They appear to have adjusted the matter between themselves on the basis, that, notwithstanding the different positions they occupied as drawer and indorser on the bill, they were, in fact, mutually and equally the sureties of Todd & Grose.
Afterwards, in December, 1865, Denton brought this suit against Lytle and others, alleging in substance that he paid one half of said sum assumed by himself and Lytle, under a misapprehension of the relative legal rights and responsibilities of himself and Lytle as indorser and drawer of the bill, and under a mistaken belief, superinduced by the false and fraudulent representations of Lytle, that they were equally bound as sureties in the debt for-Todd & Grose, and in ignorance of the fact, that, as between him and Lytle, his position was that of an indor'ser and surety of the latter; and on these alleged facts he sought to recover against Lytle the amount he had paid as aforesaid.
Lytle, in his defense, controverted the averment that the plaintiff, in assuming and paying part of the debt, acted under any misapprehension of the legal rights and. responsibilities of the parties to said bill, or any mistake as to its legal effect whatever, and denied that he made any false or fraudulent representation to the plaintiff relative to their said rights and liabilities, or that the latter was ignorant thereof; and he resisted a recovery against him on the ground that he and the plaintiff had made their respective payments of said debt in compliance with a mutual understanding and agreement, *599 that, as between themselves, they were equally the sureties of Todd & Grose.
The court, on hearing the cause, dismissed the action' as to Lytle, and Denton now seeks a reversal of that judgment.
This court has repeatedly recognized the general principle, that, ordinarily, the relative rights and responsibilities of the parties to a bill of exchange are determined by their attitude upon the bill. (Hixon vs. Reed, 2 Lit., 175; Eldridge vs. Duncan, 1 B. Monroe, 101; Scott vs. Doneghy, 17 B. Mon., 321.)
But although, as a general rule, even where the bill is accommodation paper, the drawer stands bound before an indorser as between themselves, and, therefore, the indorser may look to the drawer, if he pay the debt, for the amount paid, the legal liabilities of the parties arising from their relative positions on the instrument may be changed by an agreement between them. (Scott vs. Doneghy, supra.)
The fact that, in this case, the parties themselves adjusted and paid the debt, on the basis of equal responsibility as between themselves as sureties, if unexplained, authorizes the inference that they acted in pursuance of some previous understanding or agreement, rendering it obligatory on' them both to do so. And although the explanatory statements of the petition, if sustained by proof, would lead to a different conclusion, as these allegations of the petition, are denied and not proved, it. seems to us that, the court rightly dismissed the action.
Wherefore, the judgment is affirmed.