*497 OPINION of the Court, by
Ch. J. Boyle.
— On the 17 th oí November 1793, Elizabeth Brown and Stephen Langford entered into articles, signed and sealed by each of them, whereby the latter, in consideration of the services of the former, and for the use of certain slaves and other property therein specified, covenanted to pay i h i .-i ...• ¶ . 1 - to her annually the sum or 100/. and to deliver the slaves and other property to her whenever called upon to do so. Both parties having died, the administrators Gf the former brought an action or covenant against the administrators of the latter for the nonperformance of the covenant on his part. ’
Ten several pleas were filed by the defendants. The first in substance alleges that at the time of the execution of the writing obligatory declared on, the said Elizabeth was legally the wife of one Benjamin Brown, who was then alive.
Pleas that the right tothepro. perty named in the bond only a derived under a bill of fale ex. ecuted by faid confideration her having pre. -s as a concubine and that B was thebVoTne the wife of B, who was then fidn ‘e Ínfuf’
Plea that the fervices mentioned the permed by B were her living bine, and that fhe did io jive —'par?’of⅛the confiderati.m m ing vicious,ren nanc voh|COVe"
h covenant to do feverai which is illegal is void for fo much only; but where a part of the confideration is unlawful it renders the promife founded thereon •void» Plea denying that there was any confideration given for the execution of the covenant inadmiifible, the covenant being mutual*
*498 The second alleges that she had no right or title to the property mentioned in said writing except a men pretext of title derived under a bill of sale executed by said Stephen to said Elizabeth in consideration of her hav-'«g previous thereto lived with said Stephen in the condition of a concubine.
'['he third alleges that said Elizabeth had no title to ^ property in the writing in the declaration mentioned, except a mere pretence of claim founded upon a but nf sa[e executed previously thereto by said Stephen, an(l that s^e was at the ttme the execution of said bill of sale the lawful wife of Benjamin Brown, who was then alive.
The fourth alleges that the writing declared on was executed without good or valuable consideration, with an ¡ntent to deceive creditors and purchasers, The fifth alleges that the services mentioned in said writing to be performed by said Elizabeth, was herliv-jn„ ancj actjnor with said Stephen as his concubiné. and she did so live and act.
The sixth purports to be the skeleton of a plea of a special plene administravU, but it does not appear from the record to have been acted upon, and probably from its imperfect state it was not intended to be. The.seventh avers that the said Elizabeth was at the time of executing the writing declared on, and for a long time thereafter, to wit,-years, a married woman‘
The eighth is a plea of covenants performed,
The ninth is a plea of non est factum<
The letUjj denies that the writing declared on was executed for any good or valuable consideration,
To the 1st, 2d, 3d, 4th, 5th, 7th and 10th pleas the plaintiffs demurred. To the 8th and 9th issues in fact were taken, which were found by the jury for the plaiu-tiffs- The 4th plea, the defendants had leave to with-^raw > and the court below being of opinion that the law was for the defendants on the demurrer to the other pleas, the plaintiffs tendered replications to the 5th and pleas> ancl naoved for leave to withdraw their demurrer thereto ; but the court refused to let them do so, unless they would withdraw the demurrer to the whole of the pleas ; and they refusing to do that judg *499 «sent was given against them, from which they have appealed to this court.
The pra&ice is, where a paw tv has derr.ur-red to the plead, iitgs and it i* overruled, if leave is asked; to permit it be withdrawn and take iffue on the fait»
The first point we shall consider is, whether the pleas demurred to are sufficient or not ? The 1st and ?th pleas may with propriety be examined together, as they both aver that the plaintiffs’ intestate was a feme covert at the time of executing the writing declared on, which is the material fact upon which their sufficiency must depend.
It is certainly not correct, as was supposed in the argument, that a deed or bond executed to a feme covert is void. The negative of this position is established by an uniform current of authorities—2 Black. Com. 296-7—Co. Lit. 3 and 156-7—1 Com. Dig, 107 and 109--1 Bac. Abr. (Amer. Ed.) 498-9, (in the margin.)
Some doubt was at first entertained, whether where a bond or other contract was made to a feme covert, the right would survive to her in case of the death of her husband: we are however upon farther rrflection of opinion that it will. It is clear that in an action up on such bond or contract she may be joined with her husband — S;e 1 Chitty on Pleadings 19, 20, and the authorities there cited.
The reason alleged for this, is that the right of action will survive to her — Cro, Jac. 77, 205 — 1 Bac. Abr. 501.
It is well settled, that if a recognizance or obligation be made to the husband and wife, it will survive to the wife — 1 Com. Dig. 84. And a fortiori will it do so if it be made separately to the wife.
If then the deed declared on is good notwithstanding the coverture of the plaintiffs’ intestate when it was executed, and the right of action will survive to her in case of the death of her husband, it is plain that neither of the pleas in question is sufficient, in as much as it is not averred in either of them that her husband was living at the time of her death.
The 2d plea evidently contains no matter which can constitute a bar to the action. The consideration of the bill of sale being as is alleged past cohabitation, cannot vitiate the bill of sale or prevent it from operating to transfer the right or title of the property therein mentioned. But if she had no right to the property, we cannot perceive how that circumstance would release *500 the defendants or their intestate from his express covenant to pay for its use and deliver it- If the bill of sale was inoperative, the fight of the property remained with him, and he might no doubt bind himself by his deed to deliver it at a future day, and in the mean time pay for its use. There would be nothing in such a contract that could render it either immoral or illegal.
The third plea supposes the right of the property to be by the bill of sale vested in the husband pf the plaintiffs’ intestate. But most assuredly a covenant by a third person to deliver property to the wile of the owner, is not void ; more especially where the property, as in the present case, was acquired by the wife, and ^br aught that appears had never been in the possession of the husband. If indeed the husband had taken the property, and thereby prevented She obligor from using or delivering it, that would have been a good excusé for the nonperformance of the covenant. But no such matter is alleged : the plea is therefore insufficient.
The 4th plea having been withdrawn, no observation need be made upon it.
The 5th plea we apprehend is good. It shews that a part of the consideration of the covenants stipulated to be performed by the defendants’ intestate, was vicious and unlawful. Where there is a condition or covenant to do several things, a part of which is against the common law, and the rest lawful, the condition or covenant will be void as to so much as is unlawful, and good for the residue. But this doctrine does not hold where a part of the consideration is unlawful. There is no question but that a promise founded upon several considerations, one of which is vicious, is void ; and the same principle requires that a covenant should be held to be so, if the consideration be in part affected with turpitude.
The 10th plea is the only one of those demurred to which remains to be considered. This plea, which denies that there was any consideration given for the execution of the writing declared on, is certainly inadmissible upon the principles of the common law ; nor do we deem it admissible in a case of this kind, where the consideration is executed and expressed upon the face of the writing, under the act of 1.801, which authorises a defendant, when an action is brought upon a writing *501 tinder seal, to impeach or go into the consideration in the same manner as he might do if the writing was not under seal. In an action on a writing not under seal, which stipulates that something should be done by the defendant in consideration of something to be done by the plaintiff, which is also expressed in the writing, it would be no available defence to say that there was no consideration given for the execution of the writing. That would in that case be an immaterial circumstance, and so it must be in a case like the present.
In remains then to inquire how far the court below erred in refusing the plaintiffs leave to withdraw their demurrer and reply ?
The uniform and settled practice of this country, where a party has demurred to the pleadings on the opposite side and the demurrer is overruled, is to permit the demurrer to be withdrawn and issue to be taken upon the fact, if leave is asked for that purpose ; and this practice has been repeatedly sanctioned by the decisions of this court.
We therefore think the court below erred in not conforming in this instance to this course of practice. That court seems to have thought each of ;he pleas demurred to good ; and if they did thev acted consistently enough in refusing the plaintiffs leave to reply to a part of the pleas, unless they would do so as to the whole; but as they offered to reply to the 5th plea, Which is the only one we deem sufficient, we would not act consistently with ourselves not to say that they had a right to do so, and that the court below ought to have permitted them.
Their offer to reply to the 10th plea, which we have adjudged bad, does not affect the case. It was not necessary to have done so ; but to have done more than was necessary for them to do in this respect, ought not ito prevent them froni having the benefit of that which was correctly done.
Nor does the objection that there was but one demurrer to the whole pleas affect the case. This was not perhaps strictly correct, but the plaintiffs offered to withdraw the demurrer and demur to each plea separately, and it was refused. If the objection is a sound one, the refusal to correct it when it was offered to be done, is error, and cannot now be opposed as an obstacle to the correction of other errors.
*502 The judgment must therefore be reversed with costs, and the cause remanded that further proceedings may be had not inconsistent with the foregoing opinion.