IN THE

## SUPREME COURT OF JUDICATURE

OF THE

### STATE OF INDIANA,

AT CORYDON, NOVEMBER TERM, 1824, IN THE NINTH YEAR OF THE
STATE.

---

### CALL and Another, Executors, *v.* EWING.

In an action by two as executors, the defendant, after oyer of the probate,
pleaded in abatement, that one of the plaintiffs was not executor; the other
only having proved the will and taken out letters testamentary. *Held,*
that, under the statute requiring security of executors, the plea was good.

Executors must prove the will, and take out letters testamentary, before the
filing of their declaration.

When there are two or more executors, each is liable only for the assets which
come into his hands.

A party has a right to withdraw a demurrer at any time before the judgment
on it is recorded, unless the demurrer be frivolous.

ERROR to the *Knox* Circuit Court.

*Tuesday,*
*November 2.*

HOLMAN, J.—Declaration in assumpsit by two executors.
Plea in abatement, that but one had proved the will and taken
out letters testamentary. General demurrer to the plea, on
which the Court were divided. Motion to withdraw the demur-
rer and reply. Motion overruled, and judgment for the defend-
ant.

We have first to consider the propriety of these two execu-
tors joining in this action. All the difficulty on this subject ari-
ses from our act of assembly requiring executors to give bond
with surety when they obtain letters testamentary, and declar-
ing the letters testamentary void if obtained without such bond.
Stat. 1817, p. 152. It is unnecessary to inquire whether the

power that executors have, before probate of the will, is restrain-
ed by this act, inasmuch as they cannot declare in an action at
law before they have proved the will, and taken out letters tes-
tamentary; and here the case rests on the declaration.   Then
in this case letters testamentary were necessary, and could not
be obtained without giving bond.   This bond is required for se-
curing a due execution of the will of the testator.   Will a bond
given by one of several executors answer this purpose?   One
executor is not answerable for the acts of another; but one who
has a right to join in a suit as executor, and recover judgment,
has a right to receive the amount of that judgment, and his co-
executors would not be accountable for that money.   So if there
were two executors, as in this case, one gives bond, both join in
actions and recover judgments, and the other receives the mo-
ney and commits a devastavit, for which the one who gave bond
is not answerable, in such a case the object of the statute is
wholly defeated.  It seems, therefore, that bond and surety should
be given for the due execution of the will by each person who
acts as executor under that will; and that no person has autho-
rity to act as executor until bond and surety be given that he
will discharge his duty as such executor.   But in order to effect
this, it does not seem indispensable that each executor should
join in the bond.   One of several executors might give such a
bond as would not only cover his own acts, but also be an indem-
nity against any act of his co-executors.   Here the probate and
letters testamentary to *Call* are set forth on oyer, but nothing
is said of the bond.   From the whole case it would be presum-
ed that a bond was given by *Call*, but the presumption could
not be so extended as to include the conduct of *Hart*, as executor,
in the terms of that bond.   *Hart* resided in *Kentucky*; he has
not proved the will, nor intimated any intention of acting as an
executor under it; so that we cannot suppose the bond given
by *Call* has any reference to the conduct of *Hart* as executor.
If it has not, *Hart* cannot be considered as an executor under our
act of assembly, nor can he be joined in an action as an execu-
tor (1).

On this point it seems the Circuit Court were divided in opi-
nion. The motion there made by the plaintiffs to withdraw their
demurrer and reply, should have been granted.   We think it a
rule not only supported by precedent, but conducive to justice,
that a demurrer may be withdrawn at any time before the judg-

ment of the Court on it is recorded, unless the demurrer be frivolous. Here it is not only evident the demurrer was not frivolous, but that it was not considered frivolous by the Circuit Court, or they would not have divided in opinion upon it (2).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion for leave to withdraw the demurrer are set aside, with costs. Cause remanded, &c.

*Judah*, for the plaintiffs.

*Rariden*, for the defendant.

(1) The first statute here, requiring security from executors, was enacted in 1814. Stat. 1814, p. 68. Acc. Stat. 1823, p. 314. Were it not for the statute, all the executors would be obliged to join as co-plaintiffs, although one or more had not proved the will, or had renounced the office before the ordinary. 1 Chitt. Pl. 13.—Ham. on Part. 272.

(2) The *English* practice is, to permit the other party to amend after a general or special demurrer—and to permit the party demurring to withdraw his demurrer and plead de novo—at any time before judgment, if the justice of the case require it. This permission, however, is not given where there are issues both in law and fact, and the latter is tried first, and contingent damages are assessed as to the demurrer. 2 Arch. Pr. 263.

That a party may, after his demurrer is overruled, file a valid plea, replication, &c. vide *Bruce* v. *Mathers*, 2 Bibb, 294.—*Brown* v. *Langford*, 3 Bibb, 497.—*Surlott* v. *Pratt*, 3 Marsh. Ky. R. 174.—*Patrick* v. *Conrad*, ibid. 612. If a demurrer be overruled, and the party withdraw it and plead over, he waives all objection to the overruling of the demurrer, and cannot assign it for error. *Farrow* v. *Turner*, 2 Marsh. Ky. R. 495.