Judge Robertson
delivered the opinion of the Court;
This is an agreed case; and its decision depends on one isolated question of law, viz: whether the administrator of the!husband, or the surviving wife, is entitled to money devised to her during coverture, and not received or otherwise disposed of by the husband, in his lifetime.
The circuit court decided that the administrator of the husband is entitled to the lega’cy.
This decision is evidently wrong. The doctrine on this point has been so long and so clearly settled, and tile decisions upon it have been so uniform by the courts of England and of most of the American states, so far as known by this court, that it was not to havé been expected, that the right of the survivor could be$ at this day, called in question.
The choses in action belonging to the wife, before marriage, do not vest in the husband until he assigns or otherwise appropriates them. If he’die without making any disposition of them, they survive to the wife. But if the husband survives the wife, he is entitled to them, by the construction of the statute of distribution. And the administrator of the wife (if other than her husband,) is a trustee for the husband. Bingham, 208-9; Com. Dig. title Bar. and Fen. E. 3; 6 Johnson’s Rep. 112; Butler’s note 304, to Coke Litt.; 3 Atkins, 527; 1 Pr. Wm. 381, 383; 3 Litt,; 281; and many other cases which might be cited.
Choses in action which accrue to the wife during coverture, such as bonds or legacies to her, may be appropriated or otherwise disposed of by the husband, But if he die without receiving of making any disposition of them, they survive to the wife. Com. Dig. title Bar. and Fem.; 3 Bac. Abr. 65; 1 Mad. Ch’y. 381-2-3; 1 Chitty, 18, 19, 20, and the cases there cited; Bingham, 210; 3 Bibb, 499; 1 Bac. Abr. 501; Cro. Ja. 77, 205; 3 Litt. 282; 4 Hen. and Mun. 453: many other cases might be cited.
Triplett, for appellant; Denny and Mayes, for appellees.
The same authorities show that if the husband sur; vive the wife, he is entitled to legacies or other choses in action, which accrued to her during coverture. See especially, Com. Dig. Bar. and Fem. 10; and Toller 224.
The wife having survived the husband in this case, is entitled to the legacy, which her husband did not dispose of or receive. It is a chose in action.
The judgment of the circuit court is, therefore, reversed, and the cause remanded, with instructions to give judgment for the plaintiff.