Dewey, J.
S anton sued Wilson in assumpsit for money had and received. Plea, the general issue. Trial by the Court. Judgment for the plaintiff.
*The evidence shows a series of bank transactions, in which Wilson was originally a second indorser for the accommodation of Stanton. During the progress of the business, in consequence of an arrangement between Stanton and one Fleming, the latter became the maker of several renewed notes for a part of the original debt. Stanton was the payee and first indorser, and Wilson the second indorser, „vf these notes. It does not appear at whose solicitation, or under what circumstances, Wilson placed his name upon the ñutes, *546 except that he knew their nature and object. The last in the series of renewed notes Stanton paid. The Circuit Court, viewing the relation between Stanton and Wilson to be that of joint sureties for Fleming, considered Wilson liable to contribution to Stanton, and rendered a judgment against him for half the amount paid by Stanton.
J. S. Newman, for the plaintiff.
C. B. Smith, for the defendant.
We can not take this view of the matter. Had the note taken up by Stanton been what is called business paper, regularly transferred by Stanton to Wilson and by him to the bank, there would not be the slightest doubt as to the rights and liabilities of the respective parties. Each indorser would have placed his name upon the note, knowing that he thereby rendered himself conditionally liable to every subsequent holder, and that he had his recourse against every antecedent party, for the whole amount which he might be obliged to pay. Contribution would have been out of the question. Is there any reason why the same principles should not be applied to accommodation paper? We see none. When a man is requested to place his name upon such paper, the object is to give it additional credit. He complies or refuses, as he judges compliance to be safe or unsafe; and this he does in reference to the security which the instrument already possesses. At least, this is the fair presumption in the absence of all explanatory evidence. This subject was brought directly before the Supreme Judicial Court of Massachusetts, in Church v. Barlow, 9 Pick., 547; and it was decided that there was no distinction between the rights and liabilities of indorsers of business and accommodation paper; and that the second indorser of the latter, who had paid the money due, could not sue the first in-dorser for contribution. And such is our conclusion, viewing the accommodation indorser merely *as such. See, also, Hixon v. Reed, 2 Litt., 174; Wells v. Jack son, November term, 1841.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.