*D. D. Pratt*, for the plaintiff.

*W. Wright*, for the defendant.

---

## Berry and Others *v.* M'Donald.

A *scire facias* on a justice's transcript, &c., may be amended before plea by striking out an immaterial averment.

The Court may permit the plaintiff to withdraw a demurrer to a plea and reply to it, after the giving of an opinion against the plea, but before judgment rendered on the demurrer.

*Scire facias* on a justice's transcript to have execution against land, the judgment-debtor, who was the patentee, being dead. *Held*, that evidence that the land was subject to a trust, or to a pre-emption right, was inadmissible.

ERROR to the *Daviess* Circuit Court.

SULLIVAN, J.—*Scire facias* against the heirs and terre-tenant of *William C. Berry*, deceased, to have execution against the real estate of the deceased on a judgment rendered against him by a justice of the peace. The writ, in addition to the usual averments of a judgment, an execution, and return of *nulla bona*, states the death of the judgment-debtor; that he died intestate, and without leaving any goods or chattels out of which said judgment or any part thereof could be collected; that he was wholly destitute of personal property, so that administration thereon would have been useless, &c., and for that reason had never been granted, &c. Two of

the defendants were infants. They appeared by their guardian and pleaded, 1. *Nul tiel record.* 2. No such judgment and proceedings as those set forth in the *scire facias*, were filed in the clerk's office of the *Daviess* Circuit Court and recorded upon the order book thereof as stated, &c. 3. No *fieri facias* had issued on said judgment as alleged. 4. That said decedent was not the owner in fee-simple of the land described in the *scire facias.* The remaining defendants pleaded three pleas, the same substantially as the 1st, 3d, and 4th, pleaded on behalf of the infant defendants. Replications controverting the pleas were filed; and on the trial of the cause by the Court, judgment that execution go, &c., was rendered.

At the *October* term, 1843, and before the defendants pleaded, the Court permitted the plaintiff to amend the *scire facias*, and that is the first error complained of. The writ was amended by striking out of it an averment, that the plaintiff had made known to *Warner*, the justice by whom the judgment was rendered, that *Berry*, the judgment-debtor, had lands in *Daviess* county. There was nothing in the amendment of which the defendants have a right to complain. The averment was unnecessary, *Wiley* v. *Logan*, 5 Blackf. 11, and the amendment immaterial.

There was, also, an exception taken to the opinion of the Court, permitting the plaintiff to withdraw a demurrer to the 4th plea of the infant defendants and reply, after the Court had expressed an opinion that the plea was insufficient, but before any judgment had been rendered upon the demurrer. This was a matter entirely within the discretion of the Court, to be guided by the demands of justice and the circumstances of the case. We see no good reason why, even at a subsequent term, or at any time before trial, the Court, if it should doubt its judgment sustaining a demurrer, should not permit a party to withdraw it and plead to the merits.

The point, however, on which the reversal of the judgment in this case is most strongly urged, is the refusal of the Court to admit certain evidence, offered by the defendants, to prove that *William C. Berry* was not the owner of the real estate mentioned in the *scire facias.* The defendants offered to prove, that the land mentioned had been fraudulently *entered* or purchased by *William C. Berry* from the *U. S.* in his own name, but paid for with the money of another person,

and that *Berry* never had possession of the land; that *Beverly Berry* was in possession of the land under a pre-emption right before it was purchased by *William C. Berry*, and had continued in possession of it ever since claiming it as his own; and that *William C. Berry* had admitted that he had no title to the land. The Court rejected the evidence offered, and permitted the plaintiff to prove, by documentary evidence, that *William C. Berry* was the patentee of the land. It is very manifest, that the conflicting claims to the land described in the writ cannot be settled in this suit. The unnamed person with whose money, it is said, *William C. Berry* entered the land, may set up a resulting trust, or he may waive it and demand his money. He is yet to speak as to the course he will pursue. The right of a pre-emptioner to claim the legal title to land, for which another has obtained a patent without fraud as to him, may well be questioned. Those rights, conflicting and complex as they are, cannot be determined in this collateral way. *William C. Berry* was the patentee of the land, and the legal title, according to the evidence before us, is in his heirs. The Court, therefore, did not err in rejecting the evidence offered.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, for the plaintiffs.

*C. P. Hester* and *H. P. Thornton*, for the defendant.