## DUNN *v.* SPARKS.

Assumpsit by the payee against the drawer of a bill of exchange. Plea, that the bill having been duly accepted by the drawee, was assigned by the plaintiff, &c.; that it became due, on, &c., and was not paid by either of the parties thereto, until after the defendant, on, &c., had received a certificate

under the bankrupt law of the *United States*, &c.; that on, &c., the plaintiff's indorsee recovered a judgment upon the bill against the plaintiff, &c., which, on, &c., the plaintiff fully paid; that before such payment, *A.* had been appointed the defendant's assignee in bankruptcy, to whom he had surrendered all his property, &c.; that no dividend of such property had yet been made, nor had a distribution been made among the defendant's creditors; and that the plaintiff, at all times since the defendant became a bankrupt, could have filed his claim, &c. *Held*, that the plea was substantially sufficient.

A demurrer to a replication having been overruled, the defendant obtained leave to withdraw the demurrer, &c., whereupon the plaintiff, by leave, withdrew the replication. *Held*, that by withdrawing the replication, he waived any objection to the ruling of the Court allowing the withdrawal of the demurrer.

It is discretionary with the Circuit Court to allow a party, at any time before entering into final trial, to withdraw a demurrer, and answer the pleading to which it was filed.

The indorser of a bill, who has been compelled to pay the same, is entitled to recover the amount from the drawer after he has become a bankrupt, if the claim therefor could not have been proved before the assignee.

The discharge in bankruptcy of a surety, is no bar to an action against him by a co-surety, who has paid the debt, for contribution.

The relation of co-sureties does not arise between the drawer and indorser of a bill, from the fact that the bill is drawn and indorsed for the accommodation of the drawee.

In a suit for contribution against the accommodation drawer by the accommodation indorser of a bill, who has had to pay it, extrinsic evidence is admissible to show that the parties stand in the relation of co-sureties.

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J.—Assumpsit by *Dunn* against *Sparks*. The declaration contains two counts. The first is upon a bill of exchange, dated *September* 2, 1839. The bill was drawn by *Sparks*, and directed to one *Durbin*, whereby he was requested, four months after date, to pay to the order of *Dunn*, at the *Merchants' Bank of New-Orleans*, 1,000 dollars. It is alleged that *Durbin* accepted the bill on sight; that it was duly presented at the bank for payment, which was refused, and that the same was protested, &c. The second count is for money paid, &c. Pleas, 1. The general issue. 2. A discharge in bankruptcy, to the first count. 3. A similar discharge as to both counts.

The special pleas allege that the bill, being accepted, was duly assigned by *Dunn*, the plaintiff, to the state bank of *Indiana;* that it became due on the 5th of *January*, 1840,

May Term,
1856.

DUNN
v.
SPARKS.

Friday,
May 30.

and was not paid by either of its parties until after the defendant, in *November*, 1842, had received a certificate under the bankrupt law of the *United States*, discharging him from the payment of all his debts; that on the 10th of *November*, 1842, the state bank recovered a judgment upon said bill in the *Dearborn* Circuit Court, against *Dunn*, for 1,174 dollars, which, on the 29th of that month, he fully paid to said bank; that before this payment, one *George W. Lane* had been appointed the defendant's assignee in bankruptcy, to whom he had surrendered all his property, &c.; that no dividend of the property so surrendered has yet been made, nor has there as yet been any distribution among his creditors; and the plaintiff could at all times since the defendant became a bankrupt, have filed his claim, &c.

At the *April* term, 1850, the plaintiff, by one replication to both pleas, replied that the bill was drawn by the defendant and indorsed by the plaintiff as co-sureties, for the sole accommodation of *Durbin;* and that the plaintiff never held or owned the bill until he was forced to, and actually did pay the amount due thereon, which was long after the defendant was declared a bankrupt, &c.

To this reply, the defendant demurred; but his demurrer was overruled; and, at the same term, there was a verdict for the defendant, which, on the plaintiff's motion, was set aside, and a new trial granted.

At the *August* term, 1851, the defendant moved the Court for leave to withdraw the above demurrer, and file a rejoinder to the replication, said rejoinder being verified by his affidavit that it was true, and not for delay, but for justice, &c. This motion the plaintiff resisted, on the ground that judgment had been rendered on demurrer at the *April* term, 1850; that the cause had ever since been at issue; and that by changing the issue, injustice would be done. Further, in support of his resistance, the defendant filed an affidavit, alleging that *Durbin*, for whose accommodation the bill was drawn, in his lifetime, well knew the facts stated in the replication to be true, but that since the last term of said Court he had died, and

that defendant then knew of no witness by whom the same facts could be proved.   The Court sustained the motion. Thereupon, the plaintiff, by leave, &c., filed separate replies to the said second and third pleas.

These replications are each, in form and effect, the same as the one originally filed to both pleas as above recited. The defendant rejoined to the replication to the third plea, and to that to the second he demurred, but his demurrer was overruled.   The rejoinder avers that "the plaintiff and defendant were not co-sureties of said *Durbin*, in manner and form as alleged," &c.   Verdict for the defendant. Motion for a new trial denied, and judgment on the verdict.   The plaintiff appeals to this Court.

The Circuit Court, it is insisted, committed an error by granting the defendant leave to withdraw his demurrer to the replication.   The plaintiff, however, upon such leave being granted, withdrew the pleading to which the demurrer was filed; and suppose we admit the ruling complained of to have been incorrect, it then becomes a question whether the plaintiff, by his withdrawal, has not waived the error?   As a reason why the Court should not have given the leave, it is said that the pleas are defective. The force of this argument is not perceivable.   In substance they are in our opinion a good bar to the action. Moreover, if the plaintiff had stood by his pleading, he could have readily tested their validity.   When he withdrew it, instead of replying to them, he might have demurred.   The same object would have been effected by demurring to the defendant's rejoinder.   Having withdrawn his replication, he can not, it seems to us, avail himself of the alleged error.   But was the ruling erroneous?   To allow a party, at any stage of the case, before entering into final trial, to withdraw his demurrer and answer the pleading to which it was filed, is not forbidden by any prescribed rule of practice.   Indeed it is "a matter entirely within the discretion of the Court, to be guided by the demands of justice."   In this instance, such discretion has been properly exercised.   The reply raised a direct question of fact, material in the decision of the

cause, and it was plainly right that that pleading should be answered, and the question raised determined on evidence.

In a case not dissimilar in principle to the one before us, judge *Sullivan*, who delivered the opinion, remarks thus: "We see no good reason why, at any time before trial, the Court, if it should doubt its judgment sustaining a demurrer, should not permit a party to withdraw it and plead to the merits." *Berry* v. *McDonald*, 7 Blackf. 371.

We have seen that the bill in question was drawn and indorsed for the accommodation of *Durbin*, who received the proceeds. It follows that the plaintiff, being the indorser, and having paid and taken up the bill, would be entitled to recover from the drawer, if the demand in suit could not have been proved before the defendant's assignee in bankruptcy. If it could, then the defence set up by the pleas is a valid bar to a recovery. If, however, as averred in the replication, the parties to this suit were co-sureties for *Durbin*, the plaintiff's demand was not provable before the assignee, the defendant's discharge as a bankrupt was no defence to the action, and the plaintiff having paid the entire debt, is entitled to recover for contribution. *Dunn* v. *Sparks*, 1 Ind. 397. Were they co-sureties? The mere fact that the one drew and the other indorsed a bill for the sole accommodation of the drawee, does not establish that relation. This point is, in effect, decided in *Wilson* v. *Stanton*, 6 Blackf. 507. There it was held that no distinction existed between the rights and liabilities of indorsers of business and accommodation paper, and that the second indorser of the latter, who had paid the money due, could not sue the first indorser for contribution. See, also, *Church* v. *Barlow*, 9 Pick. 547. The principle involved in these decisions is plainly applicable to the case at bar, and seems to be decisive of the point under consideration. Under the pleadings in the cause, it was competent for the plaintiff, by extrinsic evidence, to show the relation which really did exist between him and the defendant. Whether they were or were not co-sureties, was a pure question of fact, to be decided by the jury. The evidence

is upon the record, and we think it sustains the verdict. <span class="margin">May Term, 1856.</span> Hence, it must be intended that they were not co-sureties. The demand sued for was therefore provable before the as- signee of the defendant, and his discharge in bankruptcy barred the action.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the appellant.

*E. Dumont*, for the appellee.