BELL and Another *v.* HUNGATE.

Where the plaintiff demurs to the answer, but, before the Court has determined the demurrer, replies thereto, he thereby waives his demurrer.

If the Court in charging the jury assumes a material fact, it usurps the prerogative of the jury, and the judgment may be reversed, although the evidence is not in the record.

*Saturday,*
*December* 10.

APPEAL from the *Orange* Court of Common Pleas.

HANNA, J.—*Hungate,* as assignee of *Kenly,* brought suit on a note executed by *Bell* and *Dougherty* to *Kenly.*

The answer, on its face, appears to be by but one of the defendants, but does not show which one it is. It is—

1. That the plaintiff is indebted to the defendant 150 dollars, for money had and received.

2. That plaintiff has obtained from him, by gaming with cards, 200 dollars unlawfully, and the defendant offers to set off, &c.

3. That plaintiff, before the commencement of the suit, received, for the use of this defendant, 200 dollars, money lost and paid to said *Hungate.*

4. That said *Bell* is the principal, and said *Dougherty* surety only, in said note.

There was a demurrer filed to the answer, which does not, by the record, appear to have been disposed of.

The plaintiff, for reply, filed a general denial. Trial by a jury; verdict and judgment for the plaintiff.

The plaintiff, by replying, waived his demurrer to the answer. Ind. Dig. 649.

The evidence is not all in the record.

The Court instructed the jury in such language as assumed the existence of certain facts, and that they had been proved, to-wit: That *Bell* was principal and *Dougherty* surety; that three years before the trial, the plaintiff won at cards of said *Bell* 100 dollars; that it was not necessary to inform the jury whether the money so won could be pleaded as a set-off or not, because six months had elapsed from the winning of the money before the note was assigned to the plaintiff; therefore, the defense was not available, and it was the duty of the jury to find for the plaintiff.

The Court, by assuming that the facts thus mentioned were proved, usurped the prerogative of the jury, namely, to determine whether the evidence sustained the issues made. The instructions were, therefore, wrong in form. But it is said that, the evidence not being in the record, we must presume in favor of the action of the Court. We do not think so, under the circumstances of this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. McDonald* and *A. G. Porter*, for the appellants.

*J. Baker*, for the appellee.