# HARSHMAN *v.* ARMSTRONG ET AL.

SUPREME COURT.—*Appeal.—Within Three Years.—Reply.*—Where, on appeal to the Supreme Court, the appellee answered that the appeal was not taken within three years after the rendition of the judgment, an affirmative reply, the general denial being also filed, was wholly unnecessary, and was on motion struck out.

SAME.—*Appeal.—When Perfected.*—An appeal is taken to the Supreme Court when the transcript is filed in the office of the clerk; and where judgment below was rendered June 22d, 1868, and the transcript was filed in the office of the clerk of the Supreme Court June 20th, 1871, the appeal was taken within three years from the rendition of the judgment.

PRINCIPAL AND SURETY.—*Contribution.*—Complaint by A. against B. and C. for contribution, alleging that D., for the purpose of negotiating a loan from a bank in Lafayette, made his promissory note signed by himself as principal and said A. as surety, payable at a bank in New York; that D. presented said note to said B. and C., who severally, in order, indorsed it as accommodation endorsers thereon and as co-sureties with him, the said A; that A., B., and C. had not any actual interest in the note or the loan sought to be secured thereby; that it was signed by said A. and indorsed by said B. and C., to enable D. to procure a loan; that D. discounted and sold the note to the bank of Lafayette; that it was not paid at maturity; that the bank brought suit and recovered judgment against all the parties to the note; that execution was issued and levied upon the property of said A., and he was compelled to pay the judgment; that the principal maker was insolvent-

*Held,* that no action could be maintained by the indorsee of the note against B. and C. as co-sureties. The terms of the writing and the indorsement fixed the liability of each signer, so as to render it unchangeable by parol evidence in such action.

*Held,* also, that as between the parties who executed the paper before it had been negotiated or delivered by the principal, the real character of the transaction might be shown by parol.

*Held,* also, that the allegations in the complaint were sufficient to show the real character of the transaction and the liabilities of the parties to each other, and that an issue of fact could be formed between them, as to whether they were or were not co-sureties as averred in the complaint.

From the Clinton Common Pleas.

*R. P. Davidson,* for appellant.

*L. McClurg* and *J. N. Sims,* for appellees.

OSBORN, J.—This action was brought by the appellant to recover from the appellees contribution, on account of money

paid by him as a co-surety with them. A demurrer was sustained to the complaint and final judgment rendered on the demurrer. Proper exceptions were taken.

The error assigned is in sustaining the demurrer.

Two of the appellees, Armstrong and Douglas, filed an answer of the statute of limitations, in which they allege that the appeal was not, as to them, commenced and prosecuted within three years from the rendition of the judgment, to which the appellant filed a reply of two paragraphs:

1. The general denial.

2. That the judgment was rendered on the 22d day of June, 1868; that the transcript was filed in this court on the 20th day of June, 1871 ; that a notice of the appeal was issued by the clerk on the same day to the sheriff of Clinton county to be served upon the two appellees filing the answer, which was served upon them by the said sheriff, but never returned by him ; that an *alias* notice was issued on the 11th day of May, 1872, and duly served and returned more than ten days prior to the first day of the then next term of this court. The answer and reply were filed on the 29th of May, 1872. On the 26th of November, 1872, Jackson and Douglas filed a written motion to strike out the second paragraph of the reply, and on the 27th of the same month, the appeal was submitted.

The appellees have not favored us with a brief, and the appellant has failed to cite any authority.

The second paragraph of the reply is entirely unnecessary. If the notice was issued as alleged, and the sheriff failed to return it, a rule might have been taken against him. If it had been lost, another could have been substituted and a proper return made to it, as and in the place of the original notice. The material question is, was the appeal taken within three years after the rendition of the judgment? The appellees filing the answer alleged that it was not. Evidence was admissible to show that the transcript was filed and the notice of the appeal issued within the three

years, without. replying it. The motion to strike out the second paragraph of the reply is sustained.

By the record, it appears that the judgment was rendered on the 22d day of June, 1868; the transcript was filed in the office of the clerk of this court on the 20th day of June, 1871; that on the same day, a notice of the appeal was issued by the clerk to Peter C. Somerville, one of the appellees, and that it was served and returned by the sheriff of Montgomery county. The clerk endorsed upon the back of the transcript the following: " Filed June 20th, 1871; two notices. Served on Somerville. 1872, May 11th, *alias* notice." A notice of the appeal to Somerville issued on the 20th of June, 1871, with a return by the sheriff of Montgomery county, showing service, is annexed to the transcript. That is all the evidence before us on the issue of the statute of limitations.

The statute requires that appeals in all cases tried after the revised statutes of 1852 must be taken within three years from the time the judgment is taken. 2 G. & H. 274, sec. 561. "Such appeals may be taken by procuring from the clerk of the court a transcript of the record, and proceedings in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee." 2 G. & H. 272, sec. 556.

If the appeal was taken by procuring and filing the transcript in the office of the clerk of the Supreme Court, then it was taken within three years from the rendition of the judgment. If the appeal was not taken until notice was issued by the clerk and delivered to the sheriff for service, it was not taken within the three years.

The issuing and delivery of the writ, not the filing of the complaint, is the commencement of an action. *Clark* v. *Redman*, 1 Blackf. 379; *Hancock* v. *Ritchie*, 11 Ind. 48, and cases cited. In *Evans* v. *Galloway*, 20 Ind. 479, it was taken

for granted that the same rule prevailed in appeals to this court, as in actions commenced in the *nisi prius* courts. The question was not material however, because the transcript was filed and notice issued in time. The language of the statute is, that "appeals may be taken by procuring from the clerk of the court a transcript of the record,  *  *  * and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee." The statute is explicit, that the appeal may be taken by filing the transcript with the clerk. Then follow the directions or commands to the clerk to indorse the time and issue a notice.

The language of the act in relation to the commencement of actions in the lower court is entirely different. There, the action is commenced by filing a complaint and causing a summons to issue thereon, and the action shall be deemed to be commenced from the time of issuing the summons. 2 G. & H. 59, sec. 34. There, issuing the summons is essential to the commencement of the action. Here, the statute provides, that the appeal may be taken by filing the transcript. The notice which the clerk is required to issue is not essential to the appeal. It is to notify the appellee that the appeal has been taken.

Our conclusion is, that the appeal was taken when the transcript was filed, and that it was taken within three years from the rendition of the judgment.

It is alleged in the complaint that one John W. Blake, for the purpose of negotiating a loan of one thousand dollars from a bank in Lafayette, made his promissory note, signed by himself as principal and the appellant as surety, payable at sixty days to the order of the appellees at the Phœnix bank in New York, for that sum; that he presented it to the appellees, who severally, in order, endorsed it as accommodation endorsers thereon and as co-sureties with him, the appellant, neither the appellant nor the appellees having any actual interest in the note or the

loan sought to be secured thereby; that it was signed by appellant and endorsed by appellees, to enable Blake to obtain the loan; that Blake, thereupon, discounted and sold the note to the bank at Lafayette; that it was not paid at maturity, but was protested for non-payment; that afterward on the 29th of March, 1860, the bank instituted suit upon the note, and recovered a judgment upon it on the 31st of May, 1860, against all the parties (copies of the note and the judgment being filed with the complaint). It is also alleged that execution issued upon the judgment on the 1st day of June of the same year, that it was levied upon the property of the appellant, and that he was compelled to pay the judgment; that Blake and Somerville have become insolvent; that the appellees have refused to pay any part of the amount paid by him. Prayer for an account and judgment.

The counsel for the appellant insists that the appellees are bound by the judgment on the note, and that it was alleged in the complaint and proved to be true by the court in that case, that the appellant and appellees were co-sureties for Blake. There is nothing alleged in the complaint in the case at bar showing what averments were in the complaint in that action. It is averred that the bank "brought her action upon said note." Whether the appellees were charged as endorsers, or in what character, does not appear. It is true, a copy of the proceedings and judgment is filed with the complaint. It was not necessary to file such copy. *Lytle* v. *Lytle*, 37 Ind. 281. And filing did not make it a part of the complaint. *The Excelsior Draining Company* v. *Brown*, 38 Ind. 384.

No action could be maintained by the endorsee of the note against the appellees as co-sureties. The terms of the writing and the endorsement fixed the liability of each signer, so as to render it unchangeable by parol evidence in such action. *Vore* v. *Hurst*, 13 Ind. 551; *Drake* v. *Markle*, 21 Ind. 433.

The question which the appellant seeks to raise is, whether, as between the parties who executed the paper before it had

Harshman *v.* Armstrong *et al.*

been delivered or negotiated by the principal, the real character of the transaction may not be shown by parol.

It was presented in *Lacy* v. *Lofton*, 26 Ind. 324, where it was decided, that as between the parties upon a promissory note or bill of exchange, the form of the instrument is not conclusive, but that their actual relations may be shown by parol to be other than they appear to be, and that their rights will depend upon the actual facts. And it was held that the drawer of a bill of exchange for the accommodation of the payee was the surety of the latter, and entitled to the remedies of sureties against principals. In *Dickerson* v. *Turner*, 15 Ind. 4, it is said, that "when the drawee of a bill of exchange accepts the bill, the presumption is that he has, in his hands, funds of the drawer, to the amount stated on its face; but that presumption may be rebutted. The drawee may show that he accepted and paid the bill for the accommodation of the drawer, and, then, the law will imply an undertaking, on the part of the drawer, to indemnify the acceptor, who, on such implied obligation, may have an action against the drawer."

The mere fact that one drew and another endorsed a bill, for the sole accommodation of the drawee, will not establish the relation of co-sureties. *Wilson* v. *Stanton*, 6 Blackf. 507; *Church* v. *Barlow*, 9 Pick. 547; *M'Donald* v. *Magruder*, 3 Pet. 470. The parties will be presumed to have signed the paper with reference to the security which they already possessed. It is only a presumption, however, and unquestionably the liabilities of the parties, as they appear on the face of the paper, may be changed by contract. *M'Donald* v. *Magruder*, *supra*; *Dunn* v. *Sparks*, 7 Ind. 490.

The case of *Dunn* v. *Sparks*, *supra*, involved the question, whether the drawer and endorser of a bill were co-sureties for the sole accommodation of the drawee and acceptor. On page 494, DAVISON, J., says: "Under the pleadings in the cause, it was competent for the plaintiff, by extrinsic evidence, to show the relation which really did exist between him and the defend-

ant. Whether they were, or were not co-sureties, was a pure question of fact, to be decided by the jury."

The case made by the complaint is this: Blake desired to borrow money, and, for that purpose, executed his note with the appellant as his surety, payable to the appellees, and, whilst it was yet in his hands, presented it to them, and they endorsed it as accommodation endorsers and co-sureties with the appellant for Blake, and to enable him to obtain the loan; neither the appellant nor the appellees having any interest in the note or in the loan sought to be obtained.

We think the allegations in the complaint are sufficient to show the real character of the transaction and the liabilities of the parties to each other, and that an issue of fact can be formed under it between them, whether they were, or were not co-sureties, as averred in the complaint.

The judgment of the said Clinton Common Pleas is reversed, with costs. Cause remanded, with instructions to overrule the demurrers to both paragraphs of the complaint, and for further proceedings, in accordance with this opinion.