## THE STATE v. BARRETT.

CRIMINAL LAW.—*Pleading.*—*Demurrer.*—The defendant in a criminal prosecution, in addition to the general plea of not guilty, may file a special defence, in writing; and the proper method to test the sufficiency thereof is by demurrer.

SAME.—*Reply.*—Where a demurrer by the state, to a special plea filed by the defendant in a criminal cause, has been overruled, the former may file a reply to such plea.

SAME.—*Judgment on Demurrer.*—*Discharge of Defendant.*—The overruling of a demurrer to a special plea by the defendant in a criminal cause does not entitle the defendant to a judgment discharging him from custody.

SAME.—*Practice.*—*Waiver.*—Pending the decision of a demurrer to a pleading, the filing of an answer or a reply to such pleading by the party demurring is a waiver of the demurrer.

SAME.—*Office of a Demurrer.*—The office of a demurrer to a pleading is to question the sufficiency of the facts contained therein, not to admit them as proved for the purposes of the trial.

From the Boone Circuit Court.

*H. C. Wills*, Prosecuting Attorney, *J. W. Clements* and *C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—The appellee was indicted for committing an assault upon the person of Nicholas Holt, with intent to murder him. Plea, not guilty. Afterwards the appellee withdrew this plea, and moved to quash the indictment. His motion was overruled, "to which ruling"— in the language of the record—"the defendant excepted, and the defendant reinstates the plea of not guilty, and the cause is set down for trial on the 25th day of the term." On said 25th day of the term, the appellee filed a special plea of a former conviction. To this plea the State

demurred for the want of sufficient facts; the demurrer was overruled, and an exception reserved by the State. The appellee then moved to be discharged; pending which motion the State prepared and offered to file a reply to the special plea. The court refused the offer, and would not allow the State to file the reply, but rendered judgment upon the demurrer, discharging the defendant—to all of which exceptions were reserved by the State, and this appeal taken. The appellant assigns for error here:

"1. The court erred in refusing to allow the State to file a reply to the defendant's special plea;

"2. The court erred in giving judgment in favor of the defendant on the demurrer to his special plea; and,

"3. The court erred in discharging the defendant from custody."

The assignments do not raise any question upon overruling the motion to quash the indictment, nor upon overruling the demurrer to the special plea filed by the appellee. The only questions presented are: had the State the right to file the reply, as offered, to the special plea? and, did the court err in discharging the defendant by a judgment on the demurrer?

Since every matter of defence in criminal cases, by our code, may be proved under the oral plea of the general issue, special pleas in bar are not usual; yet the practice is still recognized. *Neaderhouser* v. *The State*, 28 Ind. 257; *Clem* v. *The State*, 42 Ind. 420. And when such a plea is presented, the proper method to test its sufficiency is by demurrer. *Neaderhouser* v. *The State, supra.*

Upon what ground the court refused to allow the State to file a reply to the special plea of the defendant below, after the demurrer had been overruled to the plea, we are not informed; but the appellee seeks to sustain the action of the court, "for the reason that said offer was made after the ruling of the court upon the demurrer to the defendant's special plea. * * * And for the reason that the demurrer admitted that the special plea was true. If

so, he had been in jeopardy for a part of the same crime, to wit: the assault and battery, and could not be put on trial for the assault and battery with intent to murder, for the reason that he would be in a second jeopardy for the assault and battery."

It does not seem to us that this course of reasoning is sound. If the State had filed her reply before the court ruled upon the demurrer, the demurrer would have been waived. *Bell* v. *Hungate*, 13 Ind. 382. This is the settled rule in civil proceedings, and we think when a demurrer is applicable in criminal practice the same rule should govern. A party has a right to withdraw a demurrer and answer or reply at any time before the judgment on it is recorded, unless the demurrer is frivolous. *Call* v. *Ewing*, 1 Blackf. 301; *Berry* v. *M'Donald*, 7 Blackf. 371; *Dunn* v. *Sparks*, 7 Ind. 490. In the case before us there is no pretence that the demurrer was frivolous; and from the face of the proceedings, although we do not decide nor intimate any opinion as to the sufficiency of the special plea, it is clear to us that the demurrer was filed in good faith.

Whether the party had been put "in jeopardy" for the same offence upon a previous trial was the very question upon which the offered reply tendered issue. The allegations in the special plea were admitted by the demurrer, only for the purposes of the demurrer, not for the purpose of admitting them as true on a trial of the facts, or to render judgment upon them. To first question the sufficiency of a pleading in law by a demurrer, when the question is not clear, and, if found sufficient, then to question the truth of the facts therein alleged by a trial, is the settled rule of practice, long supported by precedent and eminently conducive to the clear, direct and speedy administration of justice. In departing from this rule we think the court erred.

The authorities cited by the appellee go to the sufficien-

cy of the special plea, not to the right of the State to reply to it after a demurrer has been overruled.

The judgment is reversed, at the costs of the appellee.