STATE EX REL. MCMANAMON ET AL. *v.* HANCOCK
CIRCUIT COURT

[No. 28,636.   Filed January 13, 1950.]

*J. Emmett McManamon,* Attorney General, *pro se, Melville E. Watson,* Prosecuting Attorney, 18th Judicial Circuit, *pro se; Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for relators.

*Samuel J. Offutt,* Judge, Hancock Circuit Court, *pro se,* for respondents.

STARR, J.—This is an original action brought by the State of Indiana on the relation of the Attorney General and another against the Hancock Circuit Court and Samuel J. Offutt as Judge of the Hancock Circuit Court

as respondents, to obtain a writ of prohibition. The petition asks that the respondents be restrained from taking any further steps in a certain cause wherein one Donald Joseph and Paul Pierce have filed in said circuit court their joint petition for permission to file a motion for a new trial after lapse of the statutory period for filing such motion, which petition is now pending and has been assigned as cause No. 7668 of said circuit court. It is claimed by relators that respondents are without jurisdiction to entertain a petition for leave to file a motion for a new trial as here attempted.

The petition herein discloses that the said Joseph and Pierce were adjudged guilty and sentenced to the Indiana State Prison on February 22, 1936, and it is in this cause they are now seeking, by their petition, to file their motion for a new trial.

This court has decided that a defendant, by an orderly adversary proceeding in the court where the judgment was rendered, can have established and adjudicated his right to file a motion for a new trial after the expiration of the statutory period to do so. Such an action is equitable in its nature and must be based upon happenings and events which have no connection with the actual trial and are subsequent thereto, and which have not been brought about by the fault of the litigant. *Walker* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245.

In examining the petition filed by Joseph and Pierce, we find that it is founded upon the allegations that they were prevented by the prison officials from filing their motion for a new trial within the statutory period. It is clear that the theory of this action is based upon the case above cited, and it was the duty of the respondent judge to entertain the same.

Whether or not the petition of the said Joseph and Pierce states a cause of action, particularly whether or not it shows that they have been diligent in filing the same since the restraint imposed on them by the prison officials has ceased, is not for us to decide. The determination of the question of whether diligence has been established in a case of this kind, rests in the sound discretion of the trial court. See *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809.

The relators' petition is hereby denied.

NOTE.—Reported in 89 N. E. 2d 545.