JOSEPH ET AL. *v.* STATE OF INDIANA.

[No. 28,714. Filed June 11, 1951.]

---

[2] See *Windhorst* v. *City of Indianapolis* (1934), 99 Ind. App. 225, 188 N. E. 328.

*James C. Cooper,* Public Defender of Indiana, and *Waldo C. Ging,* of Greenfield, for appellants.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin, George W. Hand* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellants filed their verified petition in the court below among other things averring that they were found guilty of murder by a jury in the Hancock Circuit Court on February 22, 1936, were immediately thereafter sentenced to prison for life by the presiding judge and within two hours thereafter they were taken to the Indiana State Prison, inducted therein and since that time they have remained in the prison. That before being removed from Hancock County their request to see their attorney of record relative to filing a motion for new trial, was denied. When they arrived at the prison they were immediately placed in solitary confinement for a period of ten days and prohibited from writing anyone or seeing anyone other than the deputy warden and other prison employees. During that time their frequent requests for permission to correspond with their attorneys about filing a motion for new trial were denied. After being released from solitary they were placed in "second grade" and were permitted to write but one letter a

month, which letter could be written only on the last Sunday of each month. Since they were in solitary confinement on the last Saturday of February they were unable to write until the last Sunday in March which was more than thirty days from the date of judgment and after the lapse of the thirty days allowed for the filing of a motion for new trial.

They wrote a letter to their attorney, Whetsel, asking him to prepare and file their motion for new trial, and gave the same to the deputy warden but he refused to allow the letter mailed from the institution.

They had another prisoner prepare a motion for new trial for them while they were in "second grade," and requested the deputy warden for permission to mail it which permission was denied.

Among other things they pray that they be granted the right to file a motion for new trial after the expiration of the statutory time provided therefor, for the reasons given.

On October 29, 1949 the state filed a demurrer to appellants' petition under Cl. 1, § 2-1007, Burns' 1946 Replacement, "That this court has no jurisdiction of the subject-matter of the action," which, after argument by counsel and consideration by the court, was overruled on December 3, 1949. Thereafter, the state filed its original action for prohibition against the Hancock Circuit Court and its judge and it was decided by this court on January 13, 1950. See *State ex rel. McManamon* v. *Hancock Circuit Court* (1950), 228 Ind. 90, 89 N. E. 2d 545. Thereafter, on March 4, 1950, the state filed its written request to withdraw its demurrer previously filed and ruled upon, for the purpose of re-filing the demurrer with additional memorandum, which petition was granted. On March 11, 1950, the state filed a new demurrer under Cl. 5 of § 2-1007, Burns' 1946 Replacement, "The petitioners' petition

does not state facts sufficient to constitute a cause of action." On March 18, 1950, the court heard arguments on the new demurrer and took it under advisement. On May 12, 1950, the court sustained the new demurrer. On May 25, 1950 the petitioners declined to plead further, the court denied each of the petitioners the right to file a delayed motion for new trial, and rendered judgment against them for costs. From this judgment the appeal is taken.

The assignment of errors questions the action of the trial court: (1) In permitting the state to withdraw its demurrer. (2) In permitting the state to file a second demurrer. (3) In sustaining the second demurrer. (4) In denying appellants the right to file a delayed motion for new trial in order to perfect the record for appeal. (5) In denying appellants a right to file their delayed motions for new trial without a hearing upon the merits of the petition. (6) In denying appellants due process of law and equal protection of the law in violation of the Fourteenth Amendment of the Federal Constitution.

There seems to be a scarcity of precedent on the subject of whether a demurrer that has been ruled upon may be withdrawn, or whether when a demurrer is withdrawn another demurrer may be filed.

> It has been stated that a party demurring may be allowed to withdraw his demurrer and plead after it has been overruled. I Watson's Rev., *Works' Practice,* § 872, p. 590.

Also a party has a right to withdraw a demurrer and answer or reply at any time before judgment on it is recorded, unless the demurrer is frivolous. *Call* v. *Ewing* (1824), 1 Blackf. 301, 303 [Reprint pp. 322, 324] ; *Berry and Others* v. *McDonald* (1845), 7 Blackf. 371; *Dunn* v. *Sparks* (1856), 7 Ind. 490, 493; *The State* v. *Barrett* (1876), 54 Ind. 434, 436. But in the instant

case the demurrer was not withdrawn to permit the state to file an answer or reply or other pleading. It was withdrawn "so that the State of Indiana may re-file said demurrer and furnish additional memorandum thereto," but it resulted in the filing of a new demurrer for a cause wholly different from that presented in the first demurrer.

A party may properly include in a demurrer all of the various grounds for demurrer except possibly the demurrer for lack of jurisdiction of the person. It has been well said:

"Clearly the Indiana practice does not permit the filing of successive demurrers on separate grounds. That is, a defendant may not first demur for defect of parties and if that is overruled then demur for insufficient facts, although no case is found which expressly decides this point. . . .

"It is clear also that the statutes on amendment do not contemplate the amendment of a demurrer. . . . in terms they are limited to the amendments of pleadings, and in the sense in which these statutes use the word 'pleading' a demurrer is not a pleading. On the other hand it would seem that the statutes on amendments are not necessarily exclusive and that the trial courts would have inherent power to permit an amendment of a demurrer *prior to a ruling on the demurrer.* . . ." (Our italics.) 1 Gavit, *Indiana Pleading and Practice,* § 135, pp. 649, 650.

After the state's demurrer was overruled on December 3, 1949 and a record thereof was made and signed by the court, its rights to demur in the case were exhausted and could not be extended by favorable action of the trial court on a motion to withdraw the demurrer thereafter made. It was, therefore, error to allow the demurrer to be withdrawn and to allow another demurrer to be thereafter filed.

In the original prohibition action brought by the state in this case, *State ex rel. McManamon* v. *Hancock Circuit Court* (1950), 228 Ind. 90, 92, 89 N. E. 2d 545, this court clearly set forth the law, thus:

"This court has decided that a defendant, by an orderly adversary proceeding in the court where the judgment was rendered, can have established and adjudicated his right to file a motion for a new trial after the expiration of the statutory period to do so. Such an action is equitable in its nature and must be based upon happenings and events which have no connection with the actual trial and are subsequent thereto, and which have not been brought about by the fault of the litigant. *Walker* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245."

See also *State ex rel. Cook* v. *Howard, Warden* (1946), 223 Ind. 694, 699, 64 N. E. 2d 25; *Cochran* v. *Kansas* (1942), 316 U. S. 255, 256, 86 L. Ed. 1453, 1454.

Under the averments of appellants' petition they are entitled to have the same put at issue and tried agreeably with the due course of law provision of the Indiana Constitution, and the due process provision of the United States Constitution.

For the reasons given the judgment of the trial court is reversed with instructions to overrule the last demurrer filed and further proceedings agreeable with this opinion.

NOTE.—Reported in 99 N. E. 2d 244.