WALKER ALIAS WALTERS *v.* STATE OF INDIANA.

[No. 28,385. Filed November 17, 1948.]

*James C. Cooper,* Public Defender of Indiana, attorney for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, attorneys for appellee.

STARR, J.—On February 27, 1947, the appellant was convicted of forgery in the Vanderburgh Circuit Court. It is from this conviction this appeal is prosecuted. More than thirty days after the verdict, to-wit: July

28, 1947, the trial court permitted the appellant to file his verified motion for a new trial which was overruled on the same day. The only assignment of error is the ruling on this motion.

It is our opinion this motion, coming more than thirty days after the verdict, was filed too late. § 9-1903 Burns' 1933, 1942 Replacement. *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307.

This is not a case where the court can treat this motion as a petition for a writ of error coram nobis as was done in the case of *Sharp* v. *State* (1939), 215 Ind. 505, 19 N. E. 2d 942. The allegations in this motion are wholly insufficient for that purpose. It is an ordinary motion for a new trial.

It is true that for fraud, surprise, accident, mistake or excusable neglect, courts of general jurisdiction have the power after term to set aside a judgment merely to give the litigant an opportunity to file a regular motion for a new trial. *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508; *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1931), 204 Ind. 11, 177 N. E. 868. It is also the law that courts of general jurisdiction, by way of their equitable powers, may grant a new trial after term. *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. All these instances, however, where motions for a new trial have been permitted after term and after the statutory time has expired and instances when a new trial has been ordered, are cases where through happenings or events which have no connection with the actual trial and which have not been brought about by the fault of the litigant, his time for filing such motion has expired or, in case of a new trial, it has become impossible, due

to these happenings or events, for him to perfect the record for an appeal.

At a time when this court erroneously thought it had original jurisdiction of coram nobis proceedings, it ordered and authorized a trial court to receive and act upon what it termed a "motion for a new trial." *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661. Clearly this was a case where a writ of coram nobis should have been sought in the trial court. This case has been virtually overruled in *Stephenson* v. *State* (1932), 205 Ind. 141, 196, 179 N. E. 633, 186 N. E. 293, and criticized in *Bolton* v. *State* (1945), 223 Ind. 308, 60 N. E. 2d 742.

This right to a new trial or the right to file a motion for a new trial can only be established and adjudicated by an orderly proceeding in the trial court which is adversary, and, as we have seen, equitable in its nature, and must be distinguished from proceedings which seek a new trial by way of coram nobis. For facts which warrant the granting of a new trial by way of coram nobis see *Sanders* v. *The State* (1882), 85 Ind. 318 and *Stephenson* v. *State, supra.*

The entire record is before us. It shows conclusively that this motion was a regular statutory motion for a new trial and was made and done without a trial or adjudication of appellant's right to file same after the statutory period had expired.

This same matter was once before this court on another question. See *State ex rel. Walker* v. *Youngblood, Judge* (1947), 225 Ind. 375, 75 N. E. 2d 551. In that case the court did not have the entire record before it and went on the assumption that what appeared in relator's petition was true and that the entire record

would disclose that the motion for a new trial had been properly filed.

For the reason that the motion for a new trial was filed too late, no question is presented and the judgment is affirmed.

NOTE.—Reported in 82 N. E. 2d 245.