## PAYTON v. STATE OF INDIANA

[No. O-128.   Filed October 27, 1950.]

*Ernest Payton, pro se,* for relator.

JASPER, J.—The petitioner has filed with this court what he designates a "Verified Petition For Permission To File Belated Appeal." The petitioner shows that he was convicted of second degree murder on September 30, 1925, in the Vigo Circuit Court, and sentenced to imprisonment in the Indiana State Prison for the remainder of his life; that on the 17th day of October, 1925, he was confined in the State Prison; that he attempted by letter to contact his attorney for the purpose of filing a motion for a new trial in his cause; that he was not permitted to mail the letter by the prison officials; that he then had a fellow inmate prepare a motion for a new trial, to be filed in the Vigo Circuit Court, and attempted to mail the same, but was denied the right to do so. Petitioner prays the permission of this court to file a belated appeal from the judgment of the Vigo Circuit Court.

This petition, even though it is designated a petition for a belated appeal, is a petition for permission to file a belated motion for a new trial. This court has no jurisdiction over such a motion. It must be filed in the trial court. Courts of general jurisdiction have the power to give the litigant an opportunity to file a motion for a new trial where fraud, surprise, accident, mistake, or excusable neglect is shown. *Walker alias Walters* v. *State* (1948), 226 Ind. 552, 83 N. E. 2d 245. Courts of general jurisdiction, by way of their equitable powers, may grant a new trial after term. The right to a new trial, or the right to file a motion for a new trial, can only be established

and adjudicated by an orderly proceeding in the trial court, which is adversary, and, as we have said equitable in its nature, for facts which warrant the granting of a new trial. *Walker alias Walters* v. *State, supra.*

The petitioner in this cause must file his petition for permission to file a motion for a new trial in the Vigo Circuit Court, so that such petition may be heard and determined by the trial court. Until this is done, this court cannot entertain a petition for a belated appeal.

Leave to file this petition is denied for want of jurisdiction.

NOTE.—Reported in 94 N. E. 2d 592.