**UNITED STATES ex rel. Paul PIERCE
and Donald Joseph, Petitioners,**

v.

**Ward LANE as Warden of the Indiana
State Prison, Respondent.**

Civ. No. 2650.

United States District Court
N. D. Indiana,
South Bend Division.

March 29, 1961.

William Isham, Fowler, Ind., for petitioners.

Edwin K. Steers, Atty. Gen., Patrick Sullivan, Asst. Atty. Gen., of Indiana, for respondent.

GRANT, District Judge.

This is an action on behalf of the above-named petitioners, presently serving sentences of life imprisonment in the Indiana State Prison at Michigan City, Indiana, for a Writ of Habeas Corpus pursuant to Title 28 U.S.C.A. § 2241, etc.

The novel issue presented by this Petition, being one for which neither Court nor Counsel, after exhaustive research, have been able to discover a controlling precedent, and the decision of which rests, in large measure, upon a careful study and analysis of the facts involved, suggests that a rather comprehensive statement of the undisputed facts, as the Court now finds them to be, is in order.

The petitioners were convicted of first degree murder after trial by jury on February 20, 1936, and two days later were sentenced to life imprisonment in the Indiana State Prison by the Hancock Circuit Court. They were refused permission to contact their attorney of record relative to the filing of a motion for new trial, and within two hours after imposition of sentence they were transported to the prison and immediately upon arrival there were placed in solitary confinement for a period of ten (10) days, during which time they were prohibited, by prison rules, from writing or seeing any one other than the deputy warden and other prison employees. Upon the expiration of this ten (10) day period of solitary confinement, pursuant to prison rules they were each entitled to write one (1) letter on the last Sunday of every month. Notwithstanding that petitioners were in solitary on the last Sunday in February and thus not entitled to write any letters until the last Sunday in March, by which time the thirty (30) day statutory period within which to file a motion for new trial would have elapsed, they wrote a letter to Walter Whetsel, one of their attorneys of record, requesting him to prepare a motion for new trial. The deputy warden at that time, Lorenz C. Schmuhl, refused to either mail the letter or permit the petitioners to do so. Still within twenty (20) days of the imposition of sentence, the petitioners secured the aid of a fellow inmate, Lawrence C. Cook, who prepared for them a motion for new trial which motion was denied mailing by Deputy Warden Schmuhl.

It is conceded by the respondent and the Court does so find that during February, 1936, and continuing to November 17, 1948, when the Indiana Supreme Court decided Walker v. State, 226 Ind. 552, 82 N.E.2d 245, there existed no procedural method for obtaining a belated appellate review of the 1936 conviction after the statutory time for appeal had elapsed. Commencing January 3, 1949, petitioners sought to obtain full appellate review of their original trial by means of state court proceedings, culminating, not in appellate review of the 1936 conviction, but, instead, in the ultimate granting of the motion for new trial on June 29, 1953. Two trials followed, the first ending in a deadlocked jury, the second in a conviction, on February 6, 1954, of the petitioners for second degree murder. The petitioners were again sentenced to life imprisonment, which sentence they are presently serving and complain of herein.

Full appellate review followed, resulting in affirmance of the 1954 conviction by the Indiana Supreme Court as reported in Joseph v. State, 1957, 236 Ind. 529, 141 N.E.2d 109, 69 A.L.R.2d 824. On November 19, 1959, the United States Supreme Court dismissed, as improvidently granted, petitioners' writ of certiorari, which dismissal is reported in 1959, 359 U.S. 117, 79 S.Ct. 720, 3 L.Ed.2d 673. The petitioners then filed their petition for writ of habeas corpus which is presently before this Court.

It is conceded by the respondent and the Court so finds that the petitioners have exhausted all state remedies prior to the filing of their petition.

The pivotal issue presented and urged by the petitioners and about which revolves the decision and the ultimate disposition of this case may be stated as follows:

Has the State of Indiana, by its deliberate action in preventing the petitioners from obtaining a timely and full appellate review of their original conviction in 1936 and by retrying and convicting them in 1954 of the crime of second degree murder, denied to the petitioners their right to a speedy trial as guaranteed by the Fourteenth Amendment to the Constitution of the United States?

■ Initially, this Court must and does hereby conclude that the right to a speedy trial is guaranteed to criminal defendants in state court proceedings by the Fourteenth Amendment to the Constitution of the United States.

The United States Court of Appeals for the Tenth Circuit has had occasion to pass upon this identical question in Germany v. Hudspeth, 10 Cir., 209 F.2d 15, 18, certiorari denied 1954, 347 U.S. 946, 74 S.Ct. 644, 98 L.Ed. 1094. There the Court held that:

"It is well established that the Fifth, Sixth and Eighth Amendments are limitations upon procedure in federal courts and do not govern trials in state courts. It does not follow, however, that because thereof criminal proceedings in state courts are not subject to scrutiny and review in proper proceedings in federal courts and may be of such a nature that they are in contravention of due process guaranteed by the Fourteenth Amendment. In Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 1130, 87 L.Ed. 1492, the court said:

" 'The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions, which not infrequently are designated as the 'law of the land'. Where this requirement has been disregarded in a criminal trial in a state court this court has not hesitated to exercise its jurisdiction to enforce the constitutional guarantee.'

"We, therefore, do have power and it is our duty to inquire whether the state proceedings violated these basic concepts of liberty and justice."

In 1951, in a decision originating in this Court involving the same Lawrence C. Cook whose aid petitioners sought in the preparation of their motion for new trial in 1936, the Supreme Court of the United States in Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, held that action on the part of Indiana State Prison officials, similar to that which occurred in the instant case, resulting in suppression of Cook's efforts to obtain the full appellate review to which he was entitled by statute, constituted a denial to him of the equal protection of the laws as guaranteed by the Fourteenth Amendment. In so finding, the Court set forth the procedure to be followed by this Court upon remand so as to give the State of Indiana an opportunity to afford Cook the full appellate review he would have received had his efforts to obtain appellate review not been suppressed by prison officials.

" * * * respondent has never had the same review of the judgment against him as he would have had as of right in 1931 but for the suppression of his papers. * * * Under the peculiar circumstances of this case, nothing short of an actual appellate determination of the merits of the conviction—according to the procedure prevailing in ordinary cases—would cure the original denial of equal protection of the law.

"There remains the question of the disposition to be made of this case. Fortunately, we are not confronted with the dilemma envisaged

by the State of having to choose between ordering an absolute discharge of the prisoner and denying him all relief. The District Court has power in a habeas corpus proceeding to 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243. The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded. On remand the District Court should enter such orders as are appropriate to allow the state a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged." 340 U.S. at pages 209–210, 71 S.Ct. at page 264.

Upon remand this Court entered an order in compliance with the mandate of the Supreme Court. Subsequently, as revealed by two reported decisions and an order entered by this Court, Lawrence C. Cook's earlier discharge and release from the custody of the Warden of the Indiana State Prison was ratified and confirmed without the full appellate review contemplated by the Supreme Court in its order when the trial court could not provide him with a bill of exceptions upon which to prosecute an appeal. See Cook v. State, 1951, 231 Ind. 695, 97 N.E. 2d 625; Cook v. State, 1953, 231 Ind. 695, 110 N.E.2d 749; unpublished order entered by this Court on January 9, 1957, in Civil No. 853.

It is conceded by the respondent herein that until the Indiana Supreme Court's decision in Walker v. State, 226 Ind. 552, 82 N.E.2d 245, on November 17, 1948, there existed no procedural method by which the petitioners could have obtained a belated appellate review of their original conviction after the expiration of the statutory period of appeal. Subsequent to the Walker decision, commencing January 3, 1949, the petitioners filed various pleadings intended to perfect the record for the purposes of an appeal and not for the purpose of having their Belated Motion For New Trial granted and a new trial ordered, as was ultimately done by the Hancock Circuit Court.

The respondent's contention in support of his position that the petitioners have not been denied their constitutional rights to a speedy trial and, therefore, should not be discharged and released from his custody is well stated in the following excerpt from the proposed Conclusions of Law filed on his behalf by the Attorney General for the State of Indiana.

"2. That by petitioning for permission to file such Belated Motion for New Trial, Petitioners thereby urged the Court to grant the relief sought therein.

"3. That the Hancock Circuit Court, in granting permission to file their Belated Motion for New Trial, and further in granting Petitioners' Belated Motion for New Trial, afforded to Petitioners the very relief sought by them.

"6. That the relief afford to Petitioners at their own instance, is that type relief generally afforded to those convicted of crime in Indiana.

"8. That in petitioning the Hancock Circuit Court for permission to file a belated Motion for New Trial, and in filing such belated Motion, when permission was granted, Petitioners voluntarily placed themselves in the same position as if no trial had been had."

The contention of the respondent fails to take into consideration that the belated motion for new trial was the only available procedural method under the law of Indiana by which the petitioners might obtain the full appellate review of their original conviction which the Supreme Court of the United States mandated be done in the Cook case, two years later.

Further, it appears to be elementary that a finding of a waiver by the petitioners of their constitutional rights by proceeding in the manner in which they did, necessarily presumes the existence of more than one procedural remedy within the framework of Indiana law from which the petitioners made an election or choice. Such an election or choice is conspicuous by its absence under the facts of this case.

■■■ It is well established that the waiver of a constitutional right is not to be lightly inferred, but must, instead, be clearly and intentionally made. Every reasonable presumption should and is indulged against a waiver of fundamental rights. See United States v. Dillon, D. C.S.D.N.Y.1960, 183 F.Supp. 541, 543. This Court finds no basis in the record of this cause which would support a holding that the petitioners waived their constitutional rights to a speedy trial, and in fact, now finds that the filing of a belated motion for new trial by the petitioners was for the purpose of perfecting the record for an appeal and did not constitute a waiver of any of the petitioners' constitutional rights, nor did it cure the previous denial of equal protection of the laws, for the reason that the filing of said motion was the only available procedural remedy under the law of Indiana by which the petitioners might obtain the full appellate review of their 1936 conviction to which they were entitled.

■■■ During the course of the hearing in the instant cause, the Court put in issue a matter which, in order to fully dispose of this cause, must be briefly dealt with here. Was it incumbent upon the petitioners to have sought the aid of this Court by filing a Petition for Writ of Habeas Corpus during the interim period from the date their statutory right of appeal expired through November 17, 1948, the date of the Walker decision? The answer to this question posed by the Court must be and is in the negative.

In this regard it is significant that nowhere does the respondent urge this position in opposition to the issuance of the Writ.

While it is true that this Court has always been, and will continue to be, available to any criminal defendant asserting a denial of his constitutional rights by state officials in a state court proceeding, it is wholly a different matter, entirely, to conclude that the failure on the part of one committed to a state prison to avail himself of such a remedy at an earlier date constitutes a type of laches, precluding such person from ever complaining to this Court of such deprivation of his constitutional rights. The petitioners, having no remedy available to them in the state courts, could have sought the aid of this Court during the interim from the date their statutory rights of appeal expired through November 17, 1948, but their failure to do so does not prejudice their present petition, nor does it constitute a waiver of any right of which they were and are now possessed.

As in United States v. Barnes, D.C.S. D.Cal.1959, 175 F.Supp. 60, and Petition of Provoo, D.C.D.Md.1955, 17 F.R.D. 183, the action of the Indiana State Prison officials in suppressing the efforts of petitioners to timely file the pleadings necessary to obtain appellate review, constituted a deliberate course of conduct which denied to the petitioners their constitutional rights to a speedy trial. The resultant consequences of such deliberate action may now only properly be borne by the party responsible for them, to-wit, the respondent herein and the State of Indiana. Neither may now be relieved from responsibility for such wrongful conduct in denying the petitioners these

constitutional rights by reason of the failure of the petitioners to earlier avail themselves of their remedy in this court. To be otherwise would not only work an injustice but would impose upon the petitioners a degree of knowledge and diligence in the intricacies of the law properly demanded only of members of the legal profession.

■ The passage of nearly eighteen years between the original conviction of the petitioners in 1936 and their second re-trial in 1954 constitutes an unreasonable delay. The very expiration of such an inordinate period necessarily presumes prejudice. Notwithstanding this presumption, the Court does hereby find that by reason of the unreasonable delay of nearly eighteen years, the disappearance and unavailability of certain exhibits and witnesses, and the very natural likelihood of faltering memories of available witnesses, the petitioners were prejudiced in meeting the charges against them in 1954 and have been deprived of their constitutional right to both a speedy and fair trial. See, Fouts v. United States, 6 Cir., 253 F.2d 215, 217; 258 F.2d 402, certiorari denied 1958, 358 U.S. 884, 79 S.Ct. 118, 3 L.Ed. 2d 113. The above principles recognized but found not to exist under the facts of the case: United States v. Dillon, D. C.S.D.N.Y.1960, 183 F.Supp. 541; Petition of Provoo (United States v. Provoo), D.C.D.Md.1955, 17 F.R.D. 183.

In this connection the Court quotes with approval the following statement of the Court in United States v. Chase, D.C. N.D.Ill.1955, 135 F.Supp. 230, 232–233.

"This indictment charges the most serious offense (murder) known to our law. Its very gravity demands that the defendant have all possible protection from the law. The thought of ordering him to trial on this charge after a lapse of twenty years shocks the imagination and the conscience. While I have not been informed as to how many of the witnesses are available to either side, it can be judicially noticed that the passage of that length of time will have made some of them inaccessible. Even if two decades have left them alive and within the jurisdiction of this court, certainly their memories of those long past events are clouded. They could not be said after that length of time to be testifying to what they remember; they would be recalling something as in a dream, a kind of phantasmagoria, rather than an independent recollection. The human mind is so constructed that remembrance of even the sharpest experiences dulls with time. Witnesses, however honest, could not respond with any accuracy to cross-examination, and another important right would thus be lost to petitioner."

In summary, the Court concludes that the State of Indiana by its action in suppressing the petitioners' attempts to secure their rights to file a motion for new trial and appeal; and providing no procedural method by which petitioners could obtain the full appellate review to which they were entitled within a reasonable time after the lapse of the statutory period of appeal; and further, by failing to grant the petitioners their rights to a full appellate review subsequent to the Indiana Supreme Court's decision in Walker v. State, supra; and further, by placing the petitioners on trial for murder nearly eighteen (18) years after their original conviction, constituted a denial of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, in that it denied to the petitioners their rights to a speedy trial as guaranteed to them by the Constitutions of both the United States and the State of Indiana.

Accordingly, petitioners' Petition for Writ of Habeas Corpus is hereby granted and petitioners are hereby ordered discharged and released from the custody of the respondent.