UNITED STATES ex rel. Paul PIERCE and Donald Joseph, Petitioners-Appellees,

v.

Ward LANE, as Warden of the Indiana State Prison, Respondent-Appellant.

No. 13377.

United States Court of Appeals Seventh Circuit.

April 24, 1962.

Rehearing Denied May 25, 1962.

Edwin K. Steers, Atty. Gen., Patrick D. Sullivan, Asst. Atty. Gen., Indianapolis, Ind., for appellant.

James A. Gardner, Fowler, Ind., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This appeal concerns the District Court's grant of petition filed by petitioners-appellees Paul Pierce and Donald Joseph, for writ of habeas corpus, discharging them from the custody of respondent-appellant, Ward Lane, as Warden of the Indiana State Prison. The District Court also granted respondent's petition for Certificate of Probable Cause. This appeal followed.

Counsel for both petitioners and respondent have filed an agreed motion for the dismissal of this appeal as to petitioner Paul Pierce who died on or about February 15, 1962. The appeal as to Paul Pierce is hereby dismissed.

The District Court found that on February 20, 1936, after a jury trial, the petitioners were convicted of first degree murder. They were sentenced to life imprisonment, and were immediately transported to prison. They were denied all opportunity to confer with counsel regarding motion for new trial and were placed in solitary confinement for ten days. The deputy warden refused to mail a letter which petitioners addressed to their attorney or a motion for a new trial which was prepared for the petitioners by another inmate of the prison. L. C. Schmuhl, who was deputy warden at that time, testified in the habeas corpus proceedings, in the District Court, that this was standard procedure for escapees who were returned to the prison, even though the escapees came back under a new commitment based on a new conviction; that different treatment was accorded totally new violators, who were allowed to confer with counsel respecting appeals.

The petitioners were thus prevented from seeking a new trial within the 30-day period provided by the statute. Prior to November 17, 1948, when the Indiana Supreme Court decided Walker v. State, 226 Ind. 552, 82 N.E.2d 245, there was no procedure for belated appellate review in Indiana.

After the Walker decision, with the assistance of the public defender of Indiana, petitioners did file a belated motion for a new trial, which was granted. The petitioners assert, however, that they did not really want a new trial; that they really wanted appellate review of the trial they had already had. They argue that they were obliged to request a new trial to exhaust state remedies as a prerequisite to their petition for writ of habeas corpus, and that the sole alternative to standing trial again was remaining in jail for life.

The petitioners were retried on the original indictment. The jury failed to agree. A second retrial resulted in a verdict of guilty of murder in the second degree, and sentence of life imprisonment. A full appellate review followed. The Indiana Supreme Court affirmed the conviction. Joseph v. State of Indiana, 1957, 236 Ind. 529, 141 N.E.2d 109, 69 A.L.R.2d 824, rehearing denied. Following that appeal certiorari was sought

but the United States Supreme Court dismissed as improvidently granted, the petitioners' writ of certiorari. Joseph v. Indiana, 1959, 359 U.S. 117, 79 S.Ct. 720, 3 L.Ed.2d 673. The petitioners then filed their petition in the District Court for the writ of habeas corpus, which is involved in the appeal now before us.

Petitioners rely heavily on the case of Dowd v. U. S. ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. Similar action by the Indiana State Prison officials in 1931 with respect to Lawrence C. Cook, prevented his obtaining a full appellate review. The United States Supreme Court held that he had been denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution.

The Cook case differed from the case before us in that Mr. Cook had filed a timely motion for a new trial, which was denied. Under the law of Indiana as it then existed, he had six months in which to perfect an appeal of his case to the Indiana Supreme Court. Mr. Cook made a timely attempt to file the necessary documents but was prevented from doing so by the prison authorities.

The United States Supreme Court found that Mr. Cook had never had the same review of the judgment against him as he would have had in 1931 but for the suppression of his papers. Accordingly the United States Supreme Court directed that the State of Indiana afford Mr. Cook to full appellate review which he would have received but for suppression of his papers, failing which he should be discharged. Subsequently it transpired that full appellate review could not be afforded Mr. Cook as the trial court could not provide him with a bill of exceptions upon which to prosecute an appeal. Cook v. State, 1953, 231 Ind. 695, 97 N.E.2d 625, 110 N.E.2d 749. His earlier discharge and release from custody were ratified.

In the instant case, the District Court concluded that:

"[T]he State of Indiana by its action in suppressing the petitioners'

attempts to secure their rights to file a motion for new trial and appeal; and providing no procedural method by which petitioners could obtain the full appellate review to which they were entitled within a reasonable time after the lapse of the statutory period of appeal; and further, by failing to grant the petitioners their rights to a full appellate review subsequent to the Indiana Supreme Court decision in Walker v. State, supra; and further, by placing the petitioners on trial for murder nearly eighteen (18) years after their original conviction, constituted a denial of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, in that it denied to the petitioners their rights to a speedy trial as guaranteed to them by the Constitutions of both the United States and the State of Indiana."

However, we find ourselves in accord with the position taken by the Indiana Supreme Court in this case, Joseph v. State, (supra), at pages 111–112 of 141 N.E.2d:

"A timely review and reversal of the original judgment of commitment would have resulted in a new trial for appellants, hence, the same legal result was reached by the granting of their petition for a new trial on June 29, 1953.

"If, on the hearing on the belated motion for a new trial, the court had overruled such motion instead of granting it, appellants' appeal would then have been from the original judgment. Carrying this reasoning to its next logical step, if, on such an appeal, this court would have reversed the judgment and granted a new trial, appellants would then have been in the identical situation in which they found themselves when the Hancock Circuit Court granted them a new trial on their belated motion therefor. * * *

"The effect of the granting of the motion for permission to file a belated motion for a new trial was to extend the time for appeal. The sustaining of the belated motion for a new trial acknowledged error in the original trial and furnished to appellants the same relief they might have secured by an appeal timely filed.

"Since appellants have been accorded the same relief—a new trial —as they would have received by a timely appeal, they were, in effect, granted 'the type of appeal generally afforded those convicted of crime' in Indiana. [citing the Cook case]"

Petitioners contend that the absence of prejudice is improperly asserted for the first time in this Court, but clearly disagree with respondent's assertion that the record "affirmatively shows an absence of prejudice" to petitioners. It does appear that this argument was raised by respondent in support of his motion to dismiss the petition for habeas corpus in the District Court. Reference is made to the passage of eighteen years between trials, but no specific resulting prejudicial factors are shown. In the Indiana Supreme Court, petitioners argued that certain evidence was missing and that certain witnesses could not be found who would have been available in 1936 had they received a new trial then. In commenting on this aspect of the case, the Indiana Supreme Court said (at page 115):

"An examination of the transcript at the pages cited by appellants in their brief, discloses that the missing evidence of which they complain consisted of guns which were exhibits at the original trial, and that the witnesses who were unavailable were among those who had been subpoenaed as witnesses for the State. Appellants have failed to state at any place in their brief what evidence was missing, what witnesses were unavailable, and what the testimony would have been had the witnesses been present to testify.

"We cannot see how appellants could have been harmed by the absence of State's witnesses, or by the failure of the State to produce certain guns which were in evidence at the first trial.

"Appellants have failed to show where their substantial rights were in any way prejudiced by the absence of witnesses or the unavailability of evidence."

We are constrained to agree with the Indiana Supreme Court that the mere passage of time in itself did not entitle the petitioners to a discharge from custody. As the Supreme Court of Indiana said (at page 112):

"There is no time limitation on prosecution for murder in Indiana and if, under the factual situation shown by the record here, appellants were to be discharged the result would be to impose a limitation within which an accused could be prosecuted for murder."

The judgment of the District Court is reversed and the cause remanded for dismissal of the petition for writ of habeas corpus.

Reversed and remanded.

DUFFY, Circuit Judge (dissenting).

The placing of petitioner on trial for murder nearly eighteen years after the original conviction constituted a denial of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. For the reasons well stated by Judge Grant in his opinion, 193 F.Supp. 395, I must dissent.