## JONES *v.* STATE OF INDIANA.

[No. 169S16. Filed August 6, 1970. Rehearing denied October 13, 1970.]

*William B. Powers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction on two counts under the Offense Against Property Act, Acts 1963, ch. 10, §§ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 15, being Burns Ind. Stat. Ann. §§ 10-3028 to 10-3042, in Marion County Criminal Court, Division I. Trial was without jury.

Appellee contends that appellant's appeal presents no question for review because appellant assigns as his sole error the overruling of his belated motion for a new trial. Appellee says that this belated motion for new trial must have been filed under what was Supreme Court Rule 2-40, which limited the scope of the motion to consideration of errors not on the face of the record, and that the only method of review of such a motion is by certiorari within 60 days of the ruling on the motion.

Appellee is in error. It is true Rule 2-40 had the effects appellee ascribes to it, however it it not true that every belated motion for new trial must have been pursuant to Rule 2-40. Concurrent with his rights under Rule 2-40 a defendant had a common law right to petition the trial court for permission to file a statutory motion for new trial through no fault of his own. *State ex rel. McManaman* v. *Hancock Cir. Ct.,* (1950), 228 Ind. 90, 89 N. E. 2d 545; *Joseph, Pierce* v. *State* (1957), 236 Ind. 529, 141 N. E. 2d 109; *Barrett* v. *State* (1952), 230 Ind. 533, 105 N. E. 2d 508; *Payton* v. *State* (1950), 228 Ind. 577, 94 N. E. 2d 592; *Walker* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245. In a belated motion for new trial permitted to be filed under those circumstances the defendant could allege any statutory grounds for new trial available in a timely filed motion for new trial and the appeal procedure was the same as if the motion had been timely filed. Appellant correctly followed that procedure.

Since appellant filed his motion the right to file this common-law type of belated motion for new trial has been codified in Rule P.C. 2(A) which reads:

"(A) Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial,[1] where:

"(1) no timely and adequate motion to correct error was filed for the defendant;

---

[1] The phrase "motion for new trial" is equivalent to "motion to correct error". The latter name was adopted for the motion when the new Indiana Rule of Procedure went into effect.

"(2) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

"(3) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

"The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Post-Conviction Remedy Rule 1 (E).

"If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

"If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law."

This rule although not in effect at the time appellant filed his motion was an explicit recognition of the right, under specified circumstances, to file a belated motion for new trial, which would reach all of the statutory grounds for new trial and be appealed from just as if the motion had been timely filed.

Appellant's first allegation of error is that there was insufficient evidence to sustain the convictions. In reviewing this allegation this Court will not weigh the evidence nor resolve questions of credibility, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the trial court. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt. *Fair* v. *State* (1969), 252 Ind. 494, 250 N. E. 2d 744.

Ray Ledbetter was employed by A.R.A. Vending Service of Northern Indiana, Inc., as a utility route man. On January 27, 1967, around 6:00 a.m. he was inside a building on Ludlow Avenue servicing the vending machines. His 1963 Van type

Chevrolet truck was parked in front of the building. When Ledbetter finished his work in the building he returned to where his truck had been parked and found it missing. He called the police and they found the truck one and one-half blocks away in an alley between Ludlow Avenue and Roosevelt Avenue in the 1900 block. The doors were open and some of the merchandise was missing.

There were tire tracks in the snow and mud leading down the alley from where the truck had come. The tracks led to a little parking space off the alley behind the house at 1821 Roosevelt Avenue. The tracks indicated that the truck had been backed into this parking space and up to a point near the rear door to the house. There was a single set of footprints leading from the abandoned truck down the alley to the back of 1821 Roosevelt. There were several sets of footprints leading away from and going back to the rear door of the house from where the truck had been parked behind the house.

Officer Lucas testified that he went around to the front of the house, knocked on the door and was admitted inside. On being admitted inside Lucas saw the case of unopened cigarettes on the bed in the second room and individually wrapped crackers behind a chair in the front room. These items had been take from the A.R.A. truck. Charles Woods and Charles Jones were in the house and later the police found appellant in the bathroom and Herman Livingston in a closet.

Winona Berry testified that on January 27, 1967, she had gone to the Woods resident, 1821 Roosevelt Avenue, at 6:00 a.m. to babysit for Mrs. Woods. She testified that at about 7:00 a.m. she watched appellant, Charles Jones, Herman Livingston and Charles Woods carrying the boxes containing the cigarettes and candy into the house through the back door. She also said that there were no such boxes in the house when she arrived there. Mrs. Berry did not see where these men were getting the boxes from, outside.

Under Count II appellant was found guilty of obtaining and exerting unauthorized control over property in the A.R.A. truck, of the value of less than $100.00. Appellant contends that there was no evidence connecting appellant with the taking of the contents of the truck. We do not agree. The facts connecting appellant with the theft are: (1) The truck had been taken from the driver and parked in back of 1821 Roosevelt. This truck had a printed sign on the side of the truck indicating the owner as A.R.A. Service of Northern Ind. (2) An eye-witness testified that she saw appellant carrying boxes of cigarettes and candy in the back door into the house where appellant was found and arrested. (3) The property appellant was carrying into the house was property which had been taken out of the A.R.A. truck. This is sufficient evidence to support the verdict on Count II.

Under Count I appellant was found guilty of obtaining and exerting unauthorized control over the truck under circumstances not amounting to theft. Acts 1963, ch. 10, § 13, being Burns Ind. Stat. Ann. § 10-3040 (10) says:

> " 'Obtains or exerts control over property' includes but is not limited to the taking, carrying, driving or leading away, concealment, or the sale, conveyance, encumbrance, transfer of title to or interest in, or possession of property, or the securing or extending a right to retain that to which another is entitled."

There were no witnesses to the actual taking or moving of the truck and no evidence from which it could be inferred who actually took it and parked it in the rear of the house. There is absolutely no evidence that defendant participated in any more than the crime of taking the *contents* of the truck. There is no evidence that defendant had anything to do with the taking of the truck and the mere possibility that he could have been involved in taking the truck is not sufficient to support the verdict on Count I. *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922.

Appellant's second contention is that his constitutional

rights were violated because the police officers did not have a search warrant or an arrest warrant when they entered the house at 1821 Roosevelt.

Appellant did not raise this issue in the trial court by an objection to the evidence, a motion to strike, or even in his motion for discharge at the close of the State's case. Therefore this Court is unable to review this issue on its merits. *Fletcher* v. *State* (1960), 241 Ind. 409, 172 N. E. 2d 853; *Hardin* v. *State* (1970), 254 Ind. 56, 257 N. E. 2d 671.

Judgment affirmed on Count II.

Judgment reversed on Count I and the trial court is ordered to dismiss this Count.

Hunter, C.J., Arterburn and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 884.