CHARLES PERKINS *v.* STATE OF INDIANA.

[No. 472A181. Filed November 2, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—Defendant was convicted of theft.[1] His appeal questions only the sufficiency of the evidence ". . . to support the conclusion that . . . [he] in any way exerted control over the property with the intention of permanently depriving the owner of said property."

The evidence most favorable to appellee comes from the State's only witness, the general manager of Tom O'Brien Company, Inc., a new automobile dealership. His testimony establishes the following:

---

1. Ind. Ann. Stat. § 10-3030 (Burns 1972 Supp.), IC 1971, 35-17-5-3.

Because of past incidents of theft at the dealership the manager was in the habit of checking the premises from time-to-time when it was closed for the night. At 12:30 A.M., October 22, 1971, he made such a spot check and found six tires had been removed from various cars on the lot and were leaning up against one of the cars. No one was on the lot at that time. After calling the police who investigated and promised to make periodic checks of the lot, the manager then took up a vigil across the street from the car lot. Eventually be observed two men drive onto the lot and get out of their car. One man opened the car's trunk and the other started rolling a tire towards the car. The manager, armed with a pistol, stopped and held the men until the police arrived.

By statutory definition control "includes but is not limited to the taking, carrying, driving or leading away. . . ." Ind. Ann. Stat. § 10-3040(10) (Burns 1972 Supp.), IC 1971, 35-17-5-13(10). The act of rolling the tire amounted to the exertion of "control" over the property.[2] Similar acts have been held to constitute a "taking" or "asportation," an essential element of larceny.[3] Intent permanently to deprive the owner of the tire is a fact, the existence or non-existence of which could be determined by the trial judge "from a consideration of the [defendant's] conduct. . . ." *Dobson* v. *State* (1972), 258 Ind. 655, 283 N. E. 2d 771, 773, 31 Ind. Dec. 402, 405. The conduct in evidence below was sufficient to support the inference that the taking was done with the proscribed intent.

The judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported in 288 N. E. 2d 575.

---

2. *Williams* v. *State* (1969), 253 Ind. 316, 321, 253 N. E. 2d 242, 246, 19 Ind. Dec. 623, 628.

3. *Warnke* v. *State* (1929), 89 Ind. App. 683, 686, 167 N. E. 138, 139; *Brinkley* v. *State* (1936), 60 Okla. Crim. 106, 109, 61 P. 2d 1023, 1025; *Driggers* v. *State* (1928), 96 Fla. 232, 234, 118 So. 20, 21.