**Michael FINLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8707–CR–697.

Supreme Court of Indiana.

July 13, 1988.

---

1. *See, e.g.,* Ind.Code §§ 35-37-4-6, 8 as upheld and limited in *Miller v. State* (1987), Ind., 517 N.E.2d 64.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years, and Theft, a Class D felony, for which he received a sentence of three (3) years, the sentences to run concurrently.

The facts are: On June 21, 1986, a woman stopped Indianapolis Police Detective Jack Simpson on the street and stated that her mother-in-law's home was being burglarized. Simpson accompanied the woman to the home, at 810 North Temple, which was one side of a duplex. The officer found the house open, proceeded through the house, and discovered that the other side of the duplex, 812 North Temple, had been broken into. Both the outer and inner back doors were broken.

As Detective Simpson watched, appellant came out the back door carrying a television set. When he realized Officer Simpson was watching him, he put the television set down on a trash container. Simpson arrested appellant, then called for a police department photographer to photograph the television setting on the trash container. After the photograph was taken, the television was returned to the home for safekeeping. The owner of the home, Myrtle Storms, identified the television set as belonging to her and stated that she did not give appellant permission to enter her home or take the television set.

Appellant claims the evidence was insufficient to prove either the burglary or the theft. Appellant contends there is no evidence that he intended to exert control over the television set. He claims the evidence merely shows that he carried the television set from the house, but the fact that he set it down when he was outside indicated he had no intent to keep it. The fact that appellant was seen removing the television set from the house that had been broken into is sufficient to show his intent to commit theft. *Coff v. State* (1985), Ind., 483 N.E.2d 39; *Jones v. State* (1970), 254 Ind. 499, 260 N.E.2d 884.

Appellant further argues that the fact that he carried the television from the house but set it down on the trash container demonstrated that he intended to abandon any intent to commit a theft. One cannot abandon an attempt to commit theft after the theft has been completed. *Barnes v. State* (1978), 269 Ind. 76, 378 N.E.2d 839. When appellant exited the house carrying the television set, he had completed the crime of exercising control

over the property. *Perkins v. State* (1972), 153 Ind.App. 595, 288 N.E.2d 575.

Appellant further argues that his act of placing the television set on the trash container was a voluntary act not prompted by the appearance of Detective Simpson. Appellant argues that there was no evidence that Simpson was in uniform or that a marked car was visible to him at the time. Therefore, he argues his act should be considered as voluntary and not prompted by the policeman's presence. It is immaterial as to whether appellant's act was prompted by the presence of a known police officer or whether he put the television set down simply because he thought a citizen had discovered him leaving the house with it. At that time, the theft had been completed and it makes no difference if his act was prompted by others or voluntary.

■ Appellant argues that in as much as there was no evidence of theft that there thus was no evidence that the breaking was done with the intent to commit a felony. The intent to commit a felony following a breaking may be inferred from the circumstances surrounding the incident. *Booner v. State* (1979), 271 Ind. 388, 392 N.E.2d 1169.

■ There is ample evidence in this record to support the trial court's conclusion that a burglary occurred with the intent to remove a television set and that such removal constituted the felony of theft.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.