**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GUY CUMMINGS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-430 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1112-FD-87204

**December 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Guy Cummings appeals his conviction for Class D felony theft. He argues that the evidence is insufficient to prove that he exerted unauthorized control over Christmas gifts taken from the trunk of an unlocked car and that he did not intend to deprive the owner of the value or use of the property. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

The facts most favorable to the judgment reveal that at approximately 12:45 a.m. on December 13, 2011, Indianapolis Metropolitan Police Department Officer Justin Musser was parked in his marked patrol car in the Mars Hill area of Indianapolis observing traffic violations. Officer Musser saw a male, later identified as Cummings, walking down Perry Street. "[A]ll of a sudden," Cummings jumped a fence into the yard of a residence and disappeared from Officer Musser's sight. Tr. p. 5. After about a minute, Cummings re-appeared carrying two white shopping bags, which he carried behind the detached garage into the alley and placed next to the garage. Cummings was not carrying anything when Officer Musser first saw him. Cummings then walked back into the yard and again disappeared from Officer Musser's sight. Cummings shortly re-appeared carrying two more bags to the back of the garage. Suspicious, Officer Musser drove over to Cummings' location to investigate.

As Officer Musser drove toward the alley, Cummings "still had the two bags and . . . dropped them." *Id.* at 7. "About that time," Officer Musser pulled into the alley, at which point Cummings saw him and fled. *Id.* Officer Musser activated his lights to identify himself, but Cummings continued to flee through several yards and disappeared

2

from Officer Musser's view. Officer Musser got out of his car and yelled for Cummings to stop, but Cummings was gone. Officer Musser radioed to other police units in the area that Cummings was fleeing and gave a description of Cummings as well as his direction of flight.

Officer Eric Forestal was patrolling the area when he heard Officer Musser's radio call. Officer Forestal apprehended an out-of-breath Cummings and took him into custody. Officer Musser went to their location and identified Cummings.

Officer Musser then returned to the alley where Cummings had stashed the bags. Detective Jeremiah Lokan also came to the scene. He and Officer Musser spoke with the homeowner, Jessie Logston. Logston went to the alley behind his garage where Cummings had placed the bags. Logston identified the contents of the bags—blankets and bottles of Tide detergent—as belonging to him. Logston explained that they were Christmas gifts for his son and that he kept them in the trunk of his unlocked vehicle. Logston said that he did not give anyone permission to enter his car and take his property. Logston recognized Cummings from the neighborhood but did not know who he was.

The State charged Cummings with Class D felony theft, Class A misdemeanor resisting law enforcement, and Class B misdemeanor unauthorized entry of a motor vehicle. A bench trial was held. Cummings testified in his own defense that as he was walking by Logston's house, "the trunk was open" and "there was [sic] bags sitting by the back of the car." *Id.* at 36. So, Cummings "jumped the fence to see what it was." *Id.* Cummings said that he "thought about taking the objects," but he "consciously set those bags down and walked away from them on [his] own with no help from any officer." *Id.*

at 37, 40. Cummings admitted to fleeing from Officer Musser and that it "was a bad decision to pick up anything that didn't belong to me, a very bad decision." *Id.* at 37.

The trial court found Cummings guilty of all three charges and sentenced him to 910 days for theft, 365 days for resisting law enforcement, and 180 days for unauthorized entry of a motor vehicle, to be served concurrently.

Cummings now appeals his theft conviction only.

**Discussion and Decision**

Cummings contends that the evidence is insufficient to support his conviction for Class D felony theft. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* When confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quotation omitted). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.* Circumstantial evidence may support a theft conviction. *Rogers v. State*, 902 N.E.2d 871, 875 (Ind. Ct. App. 2009).

In order to convict Cummings of theft, the State had to prove that Cummings knowingly exerted unauthorized control over Logston's property with intent to deprive Logston of any part of its value or use. Ind. Code § 35-43-4-2(a); Appellant's App. p. 19.

4

Cummings argues that the evidence is insufficient to support his conviction because he "was no longer exerting control over the bags" when he was approached by police and "the bags were always on Mr. Logston's property." Appellant's Br. p. 8.

To "exert control over property" means to "obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property." Ind. Code § 35-43-4-1(a). A person's control over the property of another person is "unauthorized" if it is exerted without the other person's consent. I.C. § 35-43-4-1(b)(1). The record shows that Logston had Christmas presents in the trunk of his unlocked car and did not give anyone permission to enter his car and take the gifts. Officer Musser saw Cummings enter Logston's property empty-handed and then disappear from his sight. Within a minute, Cummings re-appeared carrying two white shopping bags, which he carried behind the garage and placed next to the garage. Cummings again disappeared from Officer Musser's sight but shortly re-appeared carrying two more bags to the back of the garage. From Cummings' actions, the trier of fact could reasonably conclude that Cummings knowingly exerted unauthorized control over Logston's property by removing the property from the trunk of Logston's car and carrying it behind Logston's garage. Even assuming that Cummings had already placed the bags down when he first spotted Officer Musser and began to flee, Cummings' actions in removing the property from the trunk of Logston's car and hiding it behind the garage support a reasonable inference that Cummings intended to deprive Logston of the use and value of his property.

As for Cummings' argument that he never removed any of the items from Logston's property, we note that one cannot abandon an attempt to commit theft after the

theft has already been completed. *Finley v. State*, 525 N.E.2d 608, 609 (Ind. 1988). When Cummings removed the items from the trunk of Logston's car, he had already completed the crime of exercising control over Logston's property. *See id.* (concluding that the defendant had already completed the crime of theft when he walked out the back door of a house carrying a television set and, upon realizing that a police officer was watching him, placed the television set on top of a trash container). Here, Cummings was interrupted by Officer Musser before he could remove any of the property from behind Logston's garage. Accordingly, the fact that Officer Musser interrupted Cummings before he could remove the items from Logston's property is immaterial. The evidence is sufficient to support Cummings' theft conviction.

Affirmed.

BAILEY, J., and BROWN, J., concur.